B. W. WILLIAMS, COMPLAINANT, APPELLEE, *v.* E. B. CREN-
SHAW, DEFENDANT, APPELLANT.

(*Nashville*, December Term, 1932.)

Opinion filed December 17, 1932.

CHANDLER, SHEPHERD & OWEN, for complainant, appel-
lee.

J. W. COOPER, Assistant Attorney-General, for defend-
ant, appellant.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The bill herein was filed to recover privilege tax paid under protest. The question involved is a construction of the following provision of the General Revenue Bill, chapter 89, Acts of 1927:

## "ARCHITECTS, AND/OR ENGINEERS, OR CONTRACTORS, FURNISHING PLANS AND SPECIFICATIONS FOR BUILDINGS, ETC.

"Each person, firm or corporation engaged in the business of preparing and furnishing plans and specifications for buildings, sewers, streets, highways, bridges, etc., or furnishing blue prints for same, shall pay per annum:

"In cities or towns of 50,000 inhabitants and over $50.00

"In cities or towns of less than   50,000 inhabit-
ants   ................................25.00"

Complainant is neither an architect, engineer nor contractor. He makes multiple copies or blue prints of plans prepared by an architect, engineer or contractor.

In calling for bids on the construction of a building the architect or engineer will have many blue prints of the plan which he has prepared made, so that each prospective bidder may have a copy. Or a contractor may desire a number of blue prints of the plan made, so that each foreman in charge of the different branches of the work may have a copy. Complainant is engaged in making these blue prints.

It is elemental that tax statutes are construed favorably to the taxpayer.

In our opinion, this Act upon its face evinces an intention to limit its provisions to architects, engineers, and contractors. Properly construed, it would read: ''Architects, engineers, or contractors, whether a person, firm, or corporation engaged in the business of preparing and furnishing plans and specifications for buildings, sewers, streets, highways, bridges, etc., or furnishing blue prints for same, shall pay,'' etc.

If the Act were construed according to the insistence of the State, where a contractor writes out his specifications in longhand and procures a stenographer to typewrite them, the latter would be liable for this tax. We cannot conceive this to have been the legislative intent.

The chancellor entered a decree in favor of complainant, and his decree will be affirmed.