(December 28, 1945.)

In the Matter of the Transfer of the NINTH DISTRICT MUNICIPAL COURT, BOROUGH OF MANHATTAN.

GEORGE L. GENUNG et al., Petitioners; KEYES WINTER, President Justice, Respondent.

*Per Curiam.* The only question presented by the petition in this proceeding is whether justices of the Ninth District Municipal Court, Borough of Manhattan, are aggrieved by the proposed action of the President Justice of the Municipal Court, directing the removal of the Ninth District Court, now located at 153 East 57th Street, to the Courthouse Building at 8 Reade Street, New York City. Both courthouse buildings are located outside the geographical limits of the Ninth District Municipal Court, Borough of Manhattan. The building at 153 East 57th Street is owned by the city of New York. The building at 8 Reade Street is not so owned.

The Municipal Court of the City of New York is a creature of the Legislature and may be regulated as the Legislature deems proper (*Haggerty* v. *City of New York*, 267 N. Y. 252). The amendments of the New York City Municipal Court Code (L. 1915, ch. 279) must, therefore, be read with this power in mind.

Chapter 513 of the Laws of 1940 added to subdivision 3 of section 7 of the Municipal Court Code, the following: " except that where space is available in a courthouse building, the president justice may order moved into such courthouse building any district court, in the same borough."

There is nothing in this language which indicates an intention to limit the authority of the President Justice to order any district court moved into a courthouse building owned by the city. Section 10 of the Municipal Court Code imposes on the Commissioners of the Sinking Fund the duty of providing places suitable for holding court in each district in the city. It is a matter of common knowledge that many of the places so provided are rented, not owned, by the city. The term " court house " is used to designate the building where courts are held and where the people attending such courts are supposed to congregate (21 C. J. S., Courts, § 166; see, also, *Johnson City Buick Co.* v. *Johnson*, 165 Tenn. 398). It is in this sense that the term is used in the statute under review.

The application should be denied and the petition dismissed.

Martin, P. J., Townley, Callahan, Wasservogel and Peck, JJ., concur.

Application unanimously denied and the petition dismissed.