## Richmond

THE BOARD OF SUPERVISORS OF LEE COUNTY v. EDGAR
BACON, COMMISSIONER OF ACCOUNTS
OF LEE COUNTY.

April 28, 1975.

Record No. 740711.

Present, All the Justices.

*Gary Scott Bradshaw (Bradshaw & Bradshaw,* on brief), for
plaintiff in error.

*Cecil D. Quillen (Quillen & Carter,* on brief), for defendant in
error.

I'Anson, C.J., delivered the opinion of the court.

On May 29, 1972, the Board of Supervisors of Lee County
(Board) adopted a plan to effect eight different office changes in
the county courthouse building. Under the plan Edgar Bacon,
Commissioner of Accounts of Lee County (Commissioner), was
to vacate the office space he occupies in the courthouse building
and he was given the option of moving to space either in another
part of the building or in the basement of the county jail. The
Commissioner refused to move his office, and the Board
instituted this action to obtain possession of the space. The
Commissioner asserted in his answer that the Board was
without authority to direct him to vacate his present office space
because he performed quasi-judicial functions and the office had

been assigned to him by an order entered by the judge of the circuit court on March 3, 1958.

The record shows the parties agreed that the pleadings and exhibits filed constitute all "the evidence needed by the court in the determination of the issues." Thereupon both parties moved for summary judgment. The trial court overruled the Board's motion and entered summary judgment for the Commissioner on the ground that the order entered by the judge of the circuit court in March 1958 was valid and still in force and effect.

The sole issue before us is whether the Board possesses the statutory power and authority to relocate the office of the Commissioner.

Code § 15.1-258, as amended, provides in part:

"The governing body of each county and city shall, if there be offices in the courthouses of the respective counties and cities available for such purposes, provide offices for the treasurer, attorney for the Commonwealth, sheriff, commissioner of the revenue, commissioner of accounts and division superintendent of schools for such county or city."

The predecessor of this statute was interpreted in *Egerton* v. *Hopewell*, 193 Va. 493, 69 S.E.2d 326 (1952).

In *Egerton*, the city of Hopewell constructed a municipal building which was to house a courtroom, judge's chambers, jury room, conference or witness room, and offices of the administrative agencies of the city. Egerton was the city sergeant, who performed the duties of sheriff, and he occupied an office in the building. The city directed Egerton to vacate the office and assigned him space in the city jail. He refused to move, contending that he was entitled, under the provisions of Code § 15-689 (now Code § 15.1-258, as amended) to an office, if available, in the courthouse. Egerton asserted that since the municipal building housed the courtroom, court offices and judge's chambers, the entire building was the courthouse and that, even if the entire building was not the courthouse, he was entitled to office space in the building.

In affirming the judgment of the trial court directing the sergeant to vacate his office in the municipal building, we held that the building was not in its entirety the courthouse; that only that portion of the building appointed for the use of the

circuit court constituted the courthouse; and that the council of the city of Hopewell was authorized and empowered to control the use and occupancy of all other parts of the building.

The present case is controlled by our holding in *Egerton*. Here the undisputed facts show that the courthouse building, as in *Egerton*, was occupied jointly by the circuit court and various county officials and employees, and the office occupied by the Commissioner was not located in that part of the building appointed for the use and occupancy of the circuit court.

Only that part of the courthouse building necessary for the use and occupancy of the circuit court constituted the courthouse, and the court has control over the assignment of space in such area. The governing body of the county has control of the use and occupancy of all other areas of the building. Thus, the 1958 order of the circuit court assigning office space to the Commissioner in that part of the building which did not constitute the courthouse was not binding. Moreover, to hold that the court had the authority and power to assign offices to certain county officials in the courthouse building would nullify the provisions of Code § 15.1-258, which require the governing body of the county to provide the Commissioner and other officials named in the statute with offices in the courthouse, if space is available.

Code § 15.1-258 reflects the plain intent of the legislature that the commissioner of accounts be entitled to an office in the courthouse only if space is available. If the legislature had intended that the county be required to provide an office in that part of the building constituting the courthouse for the commissioner of accounts it would have so provided in Code § 15.1-257, which mandates the governing body of every county to provide a courthouse with suitable space and facilities to accommodate their courts of record and offices for its clerks.

*Dawley* v. *City of Norfolk*, 159 F.Supp. 642 (E.D.Va. 1958), relied upon by the Commissioner and the court below, is distinguishable on its facts. There, the courthouse building was used exclusively by State courts and judges and did not house both judicial and municipal offices. *Supervisors of Bedford* v. *Wingfield*, 68 Va. (27 Gratt.) 329 (1876), and *Belvin* v. *City of Richmond*, 85 Va. 574, 8 S.E. 378, 1 L.R.A. 807 (1888), cited in *Dawley, supra*, are also distinguishable on their facts.

The Commissioner further argues that if we hold that the trial court erred in entering summary judgment for him, the case should be remanded to permit him to present evidence that the Board abused its discretion in directing him to change the location of his office. We do not agree. That was not an issue in the court below or before us.

For the reasons stated, we hold that the Board possesses the statutory power and authority to relocate the office of the Commissioner, and that the trial court erred in not sustaining the Board's motion for summary judgment and in entering summary judgment for the Commissioner.

The judgment of the court below is reversed, and final judgment is here entered for the Board.

*Reversed and final judgment.*