## Thomas H. Tullidge

## V.

## The Board of Supervisors of Augusta County

Record No. 891022

April 20, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Poff, Senior Justice

*James L. Sanderlin (Richard Cullen; Sandra M. Holleran; McGuire, Woods, Battle & Boothe*, on briefs), for appellant.

*Edward A. Plunkett, Jr., County Attorney (Douglas C. Woodworth, Assistant County Attorney*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this appeal from an order imposing sanctions pursuant to Code § 8.01-271.1, the dispositive issue is whether a *pro se* litigant's construction of a Virginia statute was "warranted by existing law."

On December 30, 1987, Augusta County (the county) bought approximately 165 acres of land within the county for relocation of many of its administrative offices from the City of Staunton, where they had been for a number of years. On March 10, 1988, Thomas H. Tullidge, an attorney and registered voter in the county, brought a declaratory judgment action against the Board of Supervisors of Augusta County (the board), seeking an adjudication that the board's power to move the "county seat" from the City of Staunton was circumscribed by Code § 15.1-559. On March 29, 1988, the board filed a demurrer and a motion for sanctions under Code § 8.01-271.1.

On May 23, 1988, Tullidge filed a memorandum in support of his declaratory judgment action in which he claimed that the

county's administrative offices were a part of the "county seat" or "courthouse," and thus that Code § 15.1-559 was implicated. As pertinent, that section provides:

> Whenever one third of the registered voters of any county shall petition the circuit court of such county . . . for an election in such county on the question of the removal of the *courthouse* to one or more places specified in the petition . . . such court shall issue a writ of election. . . .

Code § 15.1-559 (emphasis added).

In support of his argument, Tullidge cites *Couk* v. *Skeen*, 109 Va. 6, 63 S.E. 11 (1908), and *Ingles* v. *Straus*, 91 Va. 209, 21 S.E. 490 (1895), in which we construed statutes closely analogous to Code § 15.1-559. There, the statutes at issue spoke of the removal of courthouses in their titles but described *courthouses* as "*county seats*" in their texts. Both statutes were attacked as violative of the Virginia constitutional prohibition against a statute embracing an object which was not expressed in its title. *See* Va. Const. art. IV, § 12. We held, however, that the terms "courthouse" and "county seat" are synonymous and, consequently, that the statutes at issue were not unconstitutional. *Couk*, 109 Va. at 11-12, 63 S.E. at 13-14; *Ingles*, 91 Va. at 222, 21 S.E. at 494.

The trial court sustained the board's demurrer, but delayed ruling on the sanctions issue until we disposed of Tullidge's appeal. We denied Tullidge's appeal on January 25, 1989.

■ On May 24, 1989, after argument, the court concluded that Tullidge had violated Code § 8.01-271.1 because "the allegations of law by the plaintiff did not meet the statutorily required standard of 'objective reasonableness. . . .'" The court then imposed the sanction of a private reprimand upon Tullidge. He appeals.

Code § 8.01-271.1 provides in pertinent part:

> A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address.
> The signature of . . . [a] party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. . . .

■ Because the issue is one of law, and not fact, we do not accord the trial court's ruling the same weight it would be accorded if reached upon conflicting factual evidence. *Madbeth, Inc.* v. *Weade*, 204 Va. 199, 202, 129 S.E.2d 667, 669 (1963).

■ We agree with the trial court's application of an objective standard of "reasonableness" in determining whether the "warranted by existing law" portion of Code § 8.01-271.1 has been violated. Because Tullidge is an attorney, it must be shown that a competent attorney, after reasonable inquiry, could not have formed a reasonable belief that Tullidge's contention was warranted by existing law. In addition, any doubts should be resolved in favor of Tullidge's contention. However, if it is clear that Tullidge's claim had no chance of success under existing law, his conduct was appropriately punished. *See Eastway Const. Corp.* v. *City of New York*, 762 F.2d 243, 253-54 (2d Cir. 1985).

■ In resolving such an issue, the wisdom of hindsight should be avoided. Thus, even though we refused to grant Tullidge an appeal from the trial court's order sustaining the county's demurrer, it need not follow that Tullidge, at the trial court level, had no chance of persuading a court to accept his premise. We must gauge the reasonableness of Tullidge's claim by the precedents existing at the time he presented his case.

■ For a number of reasons, we conclude that a competent attorney reasonably could have believed that the decisions of *Couk* and *Ingles* controlled in the construction of Code § 15.1-559. First, *Couk* and *Ingles* dealt specifically with the removal of courthouses or county seats. Second, we made no mention of *Couk* or *Ingles* in the two later cases relied upon by the board in its demurrer;* this might reasonably be taken by an attorney as an indication that the earlier cases were distinguishable. Third, a "courthouse" is defined in part as "the principal building in which county offices are housed and in which county administrative affairs are conducted. . . ." *Webster's Third New International Dictionary* 523 (1986).

---

\* The board relies principally upon *Bd. of Supervisors* v. *Com. of Accounts*, 215 Va. 722, 214 S.E.2d 137 (1975), and *Egerton* v. *Hopewell*, 193 Va. 493, 69 S.E.2d 326 (1952), decided after *Couk* and *Ingles*. In dealing with the extent of a circuit judge's control over other portions of the courthouse not devoted to the judicial function, *Bd. of Supervisors* and *Egerton* limited the meaning of "courthouse" to the area of the court building devoted to the judicial function. *Bd. of Supervisors*, 215 Va. at 723-24, 214 S.E.2d at 138; *Egerton*, 193 Va. at 501, 69 S.E.2d at 331.

■ Thus, we hold as a matter of law that Tullidge's contention was reasonable under the circumstances. Accordingly, we will reverse the judgment of the trial court insofar as it imposed the sanction and remand the case with direction to expunge the private reprimand from the record.

*Reversed and remanded.*