## CIRCUIT COURT OF FAIRFAX COUNTY

Elie Saliba et al.

v.

David L. Duff et al.

November 3, 1994

Case No. (Law) 133406

BY JUDGE JANE MARUM ROUSH

This case comes before the Court on (i) Defendants' Motion for Sanctions, and (ii) Plaintiffs' Motion to Vacate Nonsuit and Amend Motion for Judgment. The Court heard oral argument, received memoranda, and took the case under advisement. For the reasons set out below, the Motion for Sanctions is denied and the Motion to Vacate Nonsuit is granted in part. My decision on that part of the Motion to Vacate Nonsuit that seeks to amend the motion for judgment is deferred, as set forth below. The Plaintiffs are directed to file a response to the Defendants' plea of the statute of limitations by November 11, 1994. Further, Defendants are directed to schedule the hearing on their plea of the statute of limitations before me on November 18, 1994.

The issue before the Court in this legal malpractice case is whether Plaintiffs' counsel made a reasonable inquiry to assure that the allegations in the Motion for Judgment were well grounded in fact and law before instituting this suit. Defendants contend that the allegations of the Motion for Judgment are not well grounded in law or fact and ask for sanctions under Virginia Code § 8.01-271.1.

The facts of this case may be briefly summarized. Defendant Duff is an attorney licensed to practice in Virginia. Defendant Duff & Leffler, A Professional Corporation, is Mr. Duff's law firm. This action results from Mr. Duff's legal representation of Plaintiffs Mr. and Mrs. Saliba. Mr. Duff represented Mr. and Mrs. Saliba in 1984 in connection with a lawsuit filed

against them by Ralph Dweck. According to Mr. and Mrs. Saliba, Defendant Duff recommended that a consent judgment be entered in the suit and that the Salibas thereafter file for bankruptcy. The Salibas believed that the bankruptcy would "negate the affect of the judgement [sic]." Motion for Judgment, para. 5. Mr. Duff referred the Salibas to Ronald Walutes, an attorney who specialized in bankruptcy, because Mr. Duff did not practice bankruptcy law. In December 1994, Mr. Duff informed Mr. Walutes of all litigation that he was aware of that was pending against the Salibas, including the Dweck litigation. Subsequently, a consent judgment order, endorsed by Mr. Duff, was entered on January 8, 1985, in the Dweck litigation. Mr. and Mrs. Saliba contend that Mr. Duff did not update his disclosures to their bankruptcy counsel to inform him of the entry of the consent judgment in the Dweck suit. The Salibas filed a voluntary bankruptcy petition on January 29, 1985. Both Mr. and Mrs. Saliba signed their petition verifying its accuracy under penalty of perjury. The bankruptcy petition listed the debt to Mr. Dweck, and the pending litigation, but did not state that the litigation had been concluded by the consent judgment order of January 8, 1985. No action was taken in the Salibas' bankruptcy case to void the lien created by the Dweck judgment as a preference, although Mr. Dweck had filed a proof of claim in the bankruptcy case disclosing the existence of the judgment in sufficient time for a timely preference action to have been brought in the bankruptcy case.

Subsequently, in June 1992, Mr. Dweck began proceeding against Plaintiffs to enforce his lien, including "pursing litigation to either sell the property of [sic] satisfy the lien." Motion for Judgment, para. 19. The Salibas notified Mr. Duff, who told them on July 10, 1992, that the judgment was valid. Represented by counsel other than Mr. Duff, Mr. and Mrs. Saliba moved to reopen their bankruptcy case to void the judgment lien, but were unsuccessful in part because of their knowledge of the Dweck judgment during the pendency of their bankruptcy case. Accordingly, the judgment lien created by the consent order in the Dweck case survived the Salibas' bankruptcy and remains a lien on their residence.

Plaintiffs filed the present suit on July 5, 1994. Their Motion alleges "Defendant Duff breached his duty to the Plaintiff's [sic] by allowing the [Dweck] judgement [sic] to be entered after he referred the plaintiff's [sic] to Defendant [sic] Walutes but before Defendant [sic] Walutes filed the bankruptcy." Motion for Judgment, para. 15. Neither Mr. Walutes, who has since died, nor his estate, has ever been a defendant in this suit. Count I, a negligence claim, alleges that Mr. Duff's failure to inform Mr. Walutes

about the consent judgment resulted in Mr. Walutes' failure to file an action in bankruptcy to void the judgment lien. Count II of the motion alleges Mr. Duff breached his contract with the Salibas to resolve the Dweck litigation by "authorizing a judgement [sic] against the Plaintiffs but failing to notify the bankruptcy attorney [he] recommended so that the lien created by said judgement [sic] could be avoided." Motion for Judgment, para. 21.

Defendants filed a plea of the statute of limitations. In response, Plaintiffs moved to nonsuit this action. An Order of Nonsuit of Plaintiffs' claims was entered on September 2, 1994. Later, on September 16, 1994, a consent order was entered modifying the Order of Nonsuit for the purpose of retaining jurisdiction to hear Defendants' Motion for Sanctions and the Plaintiffs' Motion to Vacate the Nonsuit.

Defendants contend that a reasonable inquiry by Plaintiffs' counsel would have revealed that Mr. Dweck disclosed his judgment against Plaintiffs when he filed his proof of claim in their bankruptcy case and that, when the proof of claim was filed, a timely preference action could have been brought by Mr. Walutes to void the Dweck judgment lien. Additionally, the bankruptcy file indicates that Plaintiffs' attempt to reopen their bankruptcy case was unsuccessful in part because of Plaintiffs' knowledge of Mr. Dweck's judgment during pendency of their bankruptcy case. *See* Defendants' Motion for Sanctions, paras. 3-4. Defendants argue that Plaintiffs' attorney should have realized that no factual basis existed for the allegations made against Mr. Duff in the Motion for Judgment. Defendants request that, pursuant to Code § 8.01-271.1, sanctions be imposed in the amount of $12,703.17, Defendants' attorneys' fees and costs in defending this action to date.

Virginia Code Ann. § 8.01-271.1 provides in pertinent part:

> The signature of an attorney . . . constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . .
>
> If a pleading, motion, or other paper is signed or made in violation of this rule, the court . . . shall impose upon the person who signed the paper or made the motion . . . an appropriate sanction . . . .

In assessing conduct which is allegedly in violation of this Code section, the Virginia Supreme Court applies an objective standard of reasonableness. *County of Prince William v. Rau*, 239 Va. 616, 620, 391 S.E.2d 290 (1990). If it is clear that a claim had no chance of success under existing law, the party bringing the action should be punished. *See Tullidge v. Board of Sup. of Augusta County*, 239 Va. 611, 391 S.E.2d 288 (1990). Nonetheless, the threat of sanction should not be used to stifle counsel in advancing novel legal theories or asserting a client's rights in a doubtful case. *Oxenham v. Johnson*, 241 Va. 281, 286, 402 S.E.2d 1 (1991).

I now turn to this case. To create a factual issue in a negligence action, Plaintiffs were required to allege (1) a legal duty; (2) a breach thereof; and (3) a consequent injury which could have been reasonably foreseen by the exercise of reasonable care. *See Jordan v. Jordan*, 220 Va. 160, 257 S.E.2d 761 (1979). Plaintiffs allege all these factors in the Motion. *See* Motion, para. 16-18. Specifically, the Motion alleges Defendants breached their duty to Plaintiffs by not informing the bankruptcy attorney of the existing judgment.

Defendants' Motion for Sanctions cites many shortcomings of Plaintiffs' negligence claim such as the bankruptcy court's refusal to reopen case based on a finding of Plaintiffs' knowledge of the Dweck judgment, the possible supervening negligence of their bankruptcy attorney, and the possibility of Plaintiffs' negligence by signing the bankruptcy petition without knowing whether the contents were accurate. Nonetheless, in ruling on sanctions, any doubts should be resolved in favor of Plaintiffs' contentions. *Tullidge* at 614. In part because Plaintiffs' bankruptcy counsel died several years ago, making factual investigation difficult, Plaintiffs' counsel could have formed a reasonable belief that Defendant Duff may have violated the appropriate standard of care by failing to update his disclosures to bankruptcy counsel to inform him of the entry of the consent judgment order.

Defendants' Motion for Sanction is denied. The Motion to Vacate the Nonsuit is granted in part. The nonsuit will be vacated. I will defer ruling on that part of the Motion to Vacate Nonsuit that seeks leave of the Court to amend the motion for judgment until Plaintiffs submit to me their proposed amended motion for judgment, which they are directed to submit by November 11, 1994. Meanwhile, Plaintiffs' counsel is directed to respond to the pending plea of the statute of limitations by November 11, 1994.

Defendants' counsel is directed to file a praecipe noticing the hearing on the plea of the statute of limitation on my docket on November 18, 1994.