## CIRCUIT COURT OF ROCKINGHAM COUNTY

Larry W. Long
and Sue W. Long

v.

Rockingham Mutual
Insurance Company

October 10, 1997

Case No. (Law) 11081

BY JUDGE JOHN J. MCGRATH, JR.

The issue addressed in this Opinion and Order is whether the defendant is entitled to sanctions pursuant to Virginia Code § 8.01-271.1 against the plaintiffs' attorney for having filed a frivolous lawsuit which was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

The plaintiffs, acting through their attorney, filed a Motion for Judgment on July 30, 1997, alleging that the defendant insurance company had breached a contract of insurance, which was attached to the Motion for Judgment as an exhibit and incorporated therein. The gravamen of the plaintiffs' action is stated in three paragraphs of the Motion for Judgment which read as follows:

> 2. On or about November 6, 1995, Sue Long noticed that their [sic] were damages due to unknown settling of the structure of the home covered by the policy. This damage continued to worsen up until the present.
> 3. There is no exclusion of this type of damages included in the Homeowner's policy.
> 4. Thus the damages to the house are covered by said policy.

The defendant immediately filed a Demurrer and a Motion for Sanctions. In the Demurrer, the defendant pointed to the Section I: *Perils Insured Against* provision of the policy, which provides, in pertinent part:

We insure against risk of direct loss to property described in coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:
   (2) caused by ... (f)(6) settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, or ceilings ... .

Oral argument was scheduled on both the defendant's Demurrer and also the defendant's Motion for Sanctions. At the hearing on the Demurrer, the plaintiffs' counsel's justification and explanation for having filed the Motion for Judgment appeared to consist of the following three propositions:
   (1) His clients have suffered serious damage because of the collapse of all or a portion of their home.
   (2) Because the plaintiffs' house has collapsed, someone should be liable.
   (3) Insurance companies draft their policies so that they are never liable for anything.
   Plaintiffs' counsel offered no cogent argument as to how or why there was an interpretation of the policy which would, in any way, lead a reasonable attorney to conclude that there was a valid cause of action against the insurance company under these circumstances. No attempt was made to show precedent concerning the interpretation of other insurance policies by the courts which would lend credence to the possibility that a cause of action might exist here. Indeed there was not even an argument made that the press of the statute of limitations or some other pressing exigency required the filing of a Motion for Judgment before thorough research of the factual and legal background of the Motion for Judgment could be completed.
   Under the circumstances of this case and the Court's reading of Virginia Code § 8.01-271.1, it is clear that, if the Court finds that this statutory provision has been violated by an attorney, the Court is *required* to impose some type of sanction. The sanction itself, of course, is in the sound discretion of the trial court.
   It is clear under Virginia law that at least Subsections (i) and (ii) of this Code Section are to be given an objective interpretation in determining whether or not the pleading was reasonable and whether it was "warranted by existing law." See *e.g., Tullidge v. Board of Supervisors of Augusta County*, 239 Va. 611 (1990). This principle is further expanded upon by the Virginia

Supreme Court in *Oxenham v. Johnson*, 241 Va. 281 (1991), where the Court stated:

> [t]he duty of "reasonable inquiry" arises each time a lawyer files a "pleading, motion, or other paper" or makes "an oral motion." *If [the plaintiff] had filed any paper or made any motion in the case after he knew, or reasonably should have known, that he could not create a factual issue* of [the defendant's] involvement and malice, *the court would have been justified in imposing a sanction* upon him.

See also W. Hamilton Bryson, "Motions for Sanctions," 30 *University of Richmond Law Review* 1509 (1996).

Under the circumstances of this case and particularly in light of the argument presented at the hearing on this matter, the Court has been offered absolutely no explanation as how an attorney, after having carefully read the insurance policy and considered the facts as alleged in the Motion for Judgment, could file a pleading containing essential averments in direct contradiction to the contract of insurance. As was stated by the learned Judge Robert K. Woltz, now retired, of the Twenty-Sixth Judicial Circuit:

> In the court's opinion, sanctions of this nature should be applied very cautiously. The right of litigants to seek redress in the courts and the responsibility of counsel to seek redress for their clients by the joinder of multiple parties and by advancing legal theories of recovery, even at times novel theories, should not be stifled. On the other hand, such liberty granted to litigants and their lawyers should not be construed as open season to sue anyone and everyone within sight or sound nor to give them license to assert legal theories with insubstantial factual underpinnings. Clearly, sanctions are not appropriate in every case merely because a demurrer has been sustained.

*Sullivan v. Reliable Realty*, 16 Va. Cir. 118, 128 (Clarke County 1989).

Under the facts of this case, the Court has no option other than to impose sanctions upon the plaintiffs' attorney and hereby orders that within ten days of this Order, the plaintiffs' attorney, Walter F. Green, IV, Esquire, shall pay to Rockingham Mutual Insurance Company the sum of $100.00 in partial reimbursement of its attorney's fees incurred in filing the demurrer and appearing in the Court to argue the demurrer.