COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


DAVID C. WOODRUFF AND
 ANNE T. WOODRUFF
                                MEMORANDUM OPINION[*] BY
v.        Record No. 0114-98-2   JUDGE LARRY G. ELDER
                                  DECEMBER 22, 1998
HARLIE E. GREENE, BUILDING OFFICIAL
 FOR LOUISA COUNTY, FLETCHER W.
 HARKRADER, III, ESQ., BROOKING
 BUILDERS, INC. AND STATE BUILDING
 CODE TECHNICAL REVIEW BOARD


            FROM THE CIRCUIT COURT OF LOUISA COUNTY
                    Jay T. Swett, Judge

        Darren Marshall Hart (Marvin Alan Rosman;
        Marvin Alan Rosman & Associates, on briefs),
        for appellants.

        (Fletcher W. Harkrader, III; Harkrader &
        Harkrader, on brief), for appellees Harlie E.
        Greene, Building Official for Louisa County
        and Fletcher W. Harkrader, III, Esq.
        Appellees Harlie E. Greene, Building Official
        for Louisa County and Fletcher W. Harkrader,
        III, Esq., submitting on brief.

        No brief or argument on behalf of appellee
        Brooking Builders, Inc.

        No brief or argument on behalf of appellee
        State Building Code Technical Review Board.


    David C. and Anne T. Woodruff appeal the ruling of the trial

court denying their motion under Code § 8.01-271.1 for the

imposition of sanctions against Harlie E. Greene, a building

official for Louisa County, and Greene's attorney, Fletcher W.

    [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Harkrader, III. On appeal, the Woodruffs contend that the trial court erred in not sanctioning Greene and Harkrader under Code § 8.01-271.1 because they (A) misrepresented in their petition for appeal the record before the State Building Code Technical Review Board (TRB) and failed timely to withdraw, correct or revise these misrepresentations, even after the Woodruffs notified them of same; (B) misstated the law as set out in and incorporated into the Uniform Statewide Building Code (USBC); (C) failed to conduct a review of the standard of review on appeal until after filing their petition for appeal; and (D) imposed the petition for appeal for the improper purpose of delaying and increasing the Woodruffs' litigation costs. For the reasons that follow, we affirm the trial court's denial of the Woodruffs' motion for sanctions in part, reverse in part and remand to the trial court for the imposition of sanctions.

Code § 8.01-271.1 provides:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .

> \* \* \* \* \* \* \*

> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own

> initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

In determining whether one's conduct in signing a document violated Code § 8.01-271.1, the trial court applies an objective standard of reasonableness. See Nedrich v. Jones, 245 Va. 465, 471, 429 S.E.2d 201, 204 (1993). Therefore, whether the facts or law would actually support the judgment sought is not dispositive, as long as the factual and legal arguments were objectively reasonable. See id. at 472, 429 S.E.2d at 204. "However, if it is clear that [the party's] claim had no chance of success under existing law" and he did not argue for an extension of the existing law, his conduct should have been punished. Tullidge v. Board of Supervisors, 239 Va. 611, 614, 391 S.E.2d 288, 290 (1990). On appeal of such a determination to this Court, we apply an abuse of discretion standard. See Nedrich, 245 Va. at 472, 429 S.E.2d at 204.

A.

MISREPRESENTATION OF FACTS

The Woodruffs contend Greene and Harkrader misrepresented the testimony from the prior hearing and that their conduct constituted failure to conduct a reasonable inquiry into whether the petition for appeal was well grounded in fact. Greene and

Harkrader stated repeatedly in the petition for appeal that "[n]o one has asserted that a drip cap serves as flashing as required by [CABO § R-503.8],"[1] when, in reality, Greene himself had testified at the hearing before the TRB that "the piece of wood mold[ing] with a drip edge" would "qualify as flashing . . . in accordance [with] 503.8 . . . if it's painted and caulked."

We agree that Greene's and Harkrader's assertions on brief were at odds with Greene's testimony before the TRB and violated the provisions of Code § 8.01-271.1.  Furthermore, Greene and Harkrader failed to respond to the Woodruffs' letter of October 9, 1997, which specifically notified them of this inconsistency. Finally, Greene and Harkrader failed specifically to discuss this issue on brief to this Court and chose not to present oral argument on this or any other issue.  Although none of these actions were required, they tend to indicate that Greene's and Harkrader's actions were more than mere mistake.  Therefore, we agree with the Woodruffs' contention that the trial court abused its discretion in denying the motion for sanctions on this point.

The Woodruffs also contend that Greene and Harkrader should be sanctioned for failing to withdraw or amend the petition after being notified of its misstatements of fact.  However, Code § 8.01-271.1 deals only with one's original endorsement of a document and imposes no penalty for failing to withdraw or

_____

[1]CABO is an acronym for the 1 & 2 Family Dwelling Code of the Council of American Building Officials.

- 4 -

correct it.  Therefore, we cannot conclude that the trial court erred in denying the Woodruffs' motion for sanctions on this related point.

B.

MISSTATEMENT OF THE SUBSTANTIVE LAW

The Woodruffs contend next that Greene and Harkrader failed to conduct reasonable inquiry into whether their assertions were warranted by existing substantive law.  Greene and Harkrader argued repeatedly in the petition for appeal that "the language of R-503.8 [does not] state[] that flashing is required to be installed over drip caps" and contended that any decision by the TRB requiring flashing over drip caps would be "contrary to the law."  However, the Woodruffs cite to the official "Application and Commentary" accompanying CABO § R-503.8, which provides examples of flashing and includes a diagram of "flashing [installed] over drip cap."  The Application and Commentary was made part of the record before the TRB, contend the Woodruffs, and Greene and Harkrader should have been aware of these requirements.

We disagree.  The relevant commentary to CABO § R-503.8 clearly shows flashing installed over a drip cap as one example of the proper installation of flashing.  However, it remains arguable that the installation of flashing over a drip cap is not required by § R-503.8 and the related commentary if the drip cap has been painted and caulked.  Therefore, we cannot conclude that

the trial court abused its discretion in denying the motion for sanctions on this issue.

C.

PERCEPTION OF STANDARD OF REVIEW ON APPEAL

The Woodruffs contend that Greene and Harkrader also failed to conduct reasonable inquiry regarding whether the appeal was warranted by existing procedural law.  In their motion for sanctions, the Woodruffs asserted that Greene bore the burden on appeal of "demonstrating an error of law such that when considering the record as a whole, a reasonable person necessarily would come to a different conclusion . . . than the TRB."  They emphasized that "Greene failed even to offer this standard of review to the [circuit court]" and that, in withdrawing the appeal, Harkrader admitted to the circuit court that "we came to the decision this week that we could not meet the standard of [review on] appeal and that we should withdraw the appeal."  The Woodruffs assert that this statement constitutes a concession that the appeal was not warranted by existing law and that Greene and Harkrader failed properly to evaluate this issue prior to filing the petition for appeal.

We disagree.  Although the wiser course in an appeal is to recite the proper standard of review and to discuss its application to that particular appeal, we cannot conclude the failure to do so warrants the imposition of sanctions. Furthermore, we are unwilling to hold that the withdrawal of a petition, because of a party's unilateral decision that its evidence is insufficient to satisfy the standard of review,

constitutes a concession that the appeal was not warranted by existing law as that phrase is used in Code § 8.01-271.1. Finally, we cannot conclude under the facts of this case that Greene's and Harkrader's appeal to the circuit court was not "warranted by existing law."  As set out above, the issue is not whether the appeal "<u>actually</u> was warranted by existing law"; rather it was "whether, after reasonable inquiry, [Greene and Harkrader] could have formed [an objectively] reasonable belief that the [appeal] was warranted by existing law."  See <u>Nedrich</u>, 245 Va. at 471-72, 429 S.E.2d at 204.  Therefore, we hold that the trial court did not abuse its discretion in denying the motion for sanctions on this issue.

D.

FILING PETITION FOR APPEAL FOR IMPROPER PURPOSE

Finally, the Woodruffs contend that Greene's delay of one hundred nine days in issuing the notice of violation to Brooking ordered by the TRB, when coupled with the lack of merit of the petition and the fact that the Woodruffs notified them of this lack of merit, shows that Greene and Harkrader filed the petition for appeal either to impose delay or to increase unduly the Woodruffs' litigation costs.

Although these things are factors which the trial court was entitled to consider in determining whether the petition for appeal was filed for an improper purpose, none compel the conclusion that Greene and Harkrader entertained any improper

purpose.  Therefore, absent other evidence of improper purpose, we cannot conclude that the trial court abused its discretion in denying the Woodruffs' motion for sanctions on these grounds.

For these reasons, we affirm the ruling of the trial court in part and reverse in part based on our conclusion that Greene and Harkrader failed to conduct a reasonable inquiry into whether the appeal was well grounded in fact.  We remand to the trial court for the imposition of sanctions and an award of attorney's fees associated with the appeal.

<u>Affirmed in part, reversed in part and remanded</u>.