## CIRCUIT COURT OF THE CITY OF NORFOLK

Wayne J. Sarapata

v.

Norfolk & Portsmouth
Belt Line Railroad Co.

January 6, 2000

Case No. (Law) L98-1669

BY JUDGE MARC JACOBSON

Wayne J. Sarapata, Plaintiff, was screened for asbestosis during a mass screening of railroad workers on or about May 17, 1995. Dr. Ray Herron, a West Virginia physician, performed a "B-read" of the resulting report on or about June 30, 1995, and interpreted the x-ray film taken of the Defendant on May 17, 1995, as "consistent with asbestosis." Plaintiff completed for the purpose of the mass screening an "Asbestos Questionnaire" which indicated that he had been employed by Norfolk & Portsmouth Belt Line Railroad Company, Defendant, from 1979 to the time of the x-ray in question and in his employment allegedly was exposed to asbestos. Plaintiff filed suit on June 30, 1998, against four parties including Defendant alleging, in essence, that he suffered and incurred asbestosis during and resulting from his employment by Defendant. The other three parties were subsequently nonsuited.

A deposition of Plaintiff by counsel for Defendant was taken on October 1, 1998. Allegedly, Plaintiff had not met with counsel for Plaintiff nor been interviewed by counsel for Plaintiff prior to the date of the scheduled deposition. Plaintiff was examined at the request of counsel for Plaintiff by a Dr. James V. Scutero on October 8, 1998. Dr. Scutero caused Plaintiff to undergo certain tests and examinations, and Dr. Scutero determined that in his opinion, Plaintiff did not have asbestosis. Upon receiving Dr. Scutero's diagnosis, counsel for Plaintiff sought to have the above-captioned action dismissed without prejudice and ultimately sought a nonsuit. Defendant filed

a suit for sanctions alleging essentially that Plaintiff's counsel did not undertake or perform the requisite "reasonable inquiry" prior to the institution of suit as required by Va. Code § 8.01-271.1 of the Code of Virginia (1950), as amended.

The pertinent provisions of Virginia Code § 8.01-271.1 provide:

> The signature of an attorney . . . constitutes a certificate by him that (i) he has read the pleading, motion or other paper, (ii) to the best of his knowledge, information and belief, *formed after reasonable inquiry*, it is well grounded in fact and is warranted by existing law . . . and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. (Emphasis added.)

A Motion for Judgment filed by an attorney in any court of the Commonwealth means that the attorney represents that to the best of his knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact.

Defendant contends that because Dr. Scutero, after examination of Plaintiff, determined that Plaintiff does not have asbestosis and because Plaintiff's counsel, in effect, did not cause to be taken an examination or diagnosis or take other action to determine if, in fact, he had asbestosis as alleged in his Motion for Judgment prior to the filing of the Motion for Judgment, counsel for Plaintiff should be sanctioned because the allegation of asbestosis by Plaintiff in the Motion for Judgment was not based upon the best of Plaintiff's counsel's knowledge, information, and belief *formed after reasonable inquiry*. In effect, Defendant contends there should have been an actual pre-suit diagnosis of asbestosis before suit was instituted. Plaintiff's counsel relies upon Herron's interpretation of the May 17, 1995, chest x-ray film as "consistent with asbestosis" and upon the fact that Herron is a NIOSH-certified physician and that such indication by Herron is sufficient to base a lawsuit alleging asbestosis.

In the case of *Tullidge v. Board of Supervisors of Augusta County*, 239 Va. 611, 391 S.E.2d 288 (1990), a unanimous Virginia Supreme Court reversed a Virginia Circuit Court which had imposed sanctions and the standard for imposing sanctions was discussed by Justice Whiting:

> [I]t must be shown that a competent attorney, after reasonable inquiry, could not have formed a reasonable belief that Tullidge's contention was warranted by existing law. In addition, *any doubts should be*

> *resolved in favor of Tullidge's contention.* However, *if it is clear that Tullidge's claim had no chance of success under existing law,* his conduct was appropriately punished.

*Id.* at 614 (emphasis added). Thus the standard is that the movant for sanctions must demonstrate that the claim had no chance of success and the Court should resolve doubts in the non-movant's favor.

Apparently, Plaintiff was one of a substantial number of persons who submitted themselves for x-rays to determine if they had asbestosis. The x-rays were then interpreted by Herron, and the interpretation was then somehow forwarded to counsel for Plaintiff who allegedly did not meet with Plaintiff until the day of a deposition sought by Defendant. While this process, in and of itself might or might not lead to certain questions and concerns, that is not before the Court at this time. However, one way or the other, counsel for Plaintiff was provided with a report, resulting from the mass x-ray program, by Herron indicating that the x-ray of Plaintiff, as interpreted by Herron, was "consistent with asbestosis."

Justice Whiting said in his *Oxenham* majority opinion "[T]he threat of a sanction should not be used to stifle counsel in advancing novel legal theories or asserting a client's rights in a doubtful case." *Oxenham v. Johnson,* 241 Va. 281, 286, 402 S.E.2d 1, 3 (1991).

Plaintiff has not advanced a "novel legal theory" and, at best, counsel for Plaintiff in the Motion for Judgment was "asserting a client's rights in a doubtful case."

The Court finds that notwithstanding the somewhat disturbing background and circumstances of the instant case, that based upon the totality of the evidence presented to the Court, the arguments of counsel, and memoranda or briefs filed by counsel that sanctions are not appropriate in this particular instance.

The Motion for Sanctions is denied.