The Honorable Bob Johnson State Senator Post Office Box 173 Bigelow, Arkansas 72016
Dear Senator Johnson:
I am writing in response to your request for an opinion on the required location of a county judge's office. Specifically, you relay the following facts:
 The Van Buren County Courthouse needs to expand. Currently, there is no available space surrounding the courthouse as it is centrally located in the City of Clinton. A county-owned building is now available and the county wants to relocate some of the county officers to the available building, including the county judge, to make room in the courthouse. The existing courthouse will still house the Van Buren County Clerk's office and the circuit clerk's of the 20th Judicial District office.
Your question with regard to these facts is as follows:
 Can a county judge have his or her office located in a non-adjacent courthouse annex and still be in compliance with Arkansas Code Annotated § 14-14-1001(c)?
RESPONSE
It is my opinion that the answer to this question is "no." Subsection (c) of the statute you reference, A.C.A. § 14-14-1001, provides as follows:
 ESTABLISHMENT OF OFFICE. The county judge shall maintain an office in the county courthouse at the county seat. The office shall be open to the public during normal business hours. However, in counties having more than one (1) county seat or judicial district, the county court may prescribe the times and places the offices shall be open to the public for the transaction of county business.
Emphasis added.
The language of this provision is clear. It requires the county judge to maintain an office "in the courthouse" at the county seat. It is a basic rule of statutory construction that absent some ambiguity, the plain language of a statute will control. See e.g., Mountain Home SchoolDistrict No. 9 v. T.M.J. Builders, Inc., 313 Ark. 661, 858 S.W.2d 74
(1993). See also generally Roy v. Farmers Merchants Ins. Co.,307 Ark. 213, 819 S.W.2d 2 (1991) (where the language of a statute is plain and unambiguous, the court determines legislative intent from the ordinary meaning of the language used.) It is also well established that unless a different legislative intent is indicated, a court will not resort to a strained construction for the purpose of restricting or expanding the meaning of a statute. Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1984).
The term "courthouse" has been defined as the permanent place for holding court, including the building, or the part thereof, appointed for the use and occupancy of the circuit court. See, County of Greensville, et al.v. City Of Emporia, et al., 245 Va. 143, 427 S.E.2d 352 (1993), citingBoard of Supervisors of Lee County v. Bacon, 215 Va. 722, 724,214 S.E.2d 137, 138 (1975); Egerton v. City of Hopewell, 193 Va. 493, 501,69 S.E.2d 326, 331 (1952); Conek v. Skeen, 109 Va. 6, 11, 63 S.E. 11, 13
(1908). See also, In re Transfer of Ninth Dist. Municipal Court, Borough ofManhattan, 269 A.D. 1035, 59 N.Y.S.2d 4 (1945) (stating that the term "courthouse" means "the building where courts are held and where the people attending such courts are supposed to congregate" citing 21 CorpusJuris Secundum, Courts, § 166, and Johnson City Buick Co. v. Johnson,165 Tenn. 349, 54 S.W.2d 946 (1932). See also, Black's Law Dictionary 5th
Ed. 1977 at 320 (defining "courthouse" as "[t]he building occupied for the public session of a court, with its various offices. The building occupied and appropriated according to law for the holding of courts").
Using the plain meaning of the term "courthouse," it appears that locating a county judge's office in a non-adjacent courthouse annex would not comply with A.C.A. § 14-14-1001(c). You have not indicated any facts suggesting that the annex will in effect become "the county courthouse" for purposes of the applicable statute. Obviously, where judicial functions are performed in more than one building in a county, factual questions may arise as to which building is the "permanent place for holding court" or the building "occupied and appropriated according to law for the holding of courts." Your question, however, does not suggest any uncertainty in this regard.
In addition, it might be argued, although it's far from clear, that the second sentence of subsection (c) above gives certain county judges the discretion to dictate an office location outside the county courthouse. This sentence, however, applies only to counties having more than one county seat or judicial district. It is my understanding that Van Buren County is not such a county.
In my opinion, therefore, the answer to your question is "no."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh