# CIRCUIT COURT OF LOUDOUN COUNTY

Neeraj Bhagat
and Peak State Group, L.L.C.

v.

Diamond Information
Systems, L.L.C.

v.

GR-Systems, Inc.

January 23, 2012

Case No. (Civil) 63128

BY JUDGE THOMAS D. HORNE

This cause came to be heard on January 6, 2012, upon the Plaintiffs', Neeraj Bhagat and Peak State Group ("Peak State"), Motion to (1) enter the Plaintiffs' Bill of Costs; (2) keep certain exhibits under seal; and (3) award attorneys' fees against Defendant, Diamond Information Systems ("Diamond"), pursuant to Va. Code §§ 59.1-338.1 and 18.2-500(B) for the costs associated with Diamond's unsuccessful counterclaim.

On August 12, 2010, Bhagat and Peak State filed suit against Diamond for breach of contract arising out of unpaid compensation and reimbursable expenses in connection with Bhagat's support of Diamond's contract with the Small Business Administration. Diamond filed a counterclaim against Bhagat, Peak State, and GR-Systems, Inc. ("GRS") alleging that they acted tortiously and caused monetary damages in the form of lost profits to Diamond. Diamond's second amended counterclaim alleged seven

causes of action against Bhagat, Peak State, and GRS, including breach of fiduciary duty, tortious interference with the contract, tortious interference with business expectancy, conversion; violation of the Virginia Uniform Trade Secrets Act (VUTSA), violation of the Virginia Computer Crimes Act, and conspiracy with the GRS to harm Diamond's trade or business in violation of Va. Code §§ 18.2-499 and 18.2-500.

This action came on for trial on November 15-18, 2011. At the close of evidence presented by Diamond, this Court granted Bhagat and Peak State's motion to strike all of the remaining counts except the misappropriation of trade secrets and the business conspiracy causes of action. These remaining two issues were submitted to the jury along with the breach of contract claim for lost compensation. The jury found in favor of Bhagat and Peak State on the contract claim and in favor of Bhagat, Peak State, and GRS on the misappropriation of trade secrets and conspiracy claims. Upon the motion of Bhagat and Peak State, this Court suspended its final order and judgment in favor of the Plaintiffs to retain jurisdiction for post-trial motions.

Bhagat and Peak State filed its Bill of Costs on December 1, 2011, requesting that this Court enter an Order awarding them costs in the total amount of $18,368.88 pursuant to Va. Code § 17.1-600 *et seq.* Diamond filed its Opposition on December 5, 2011, and Bhagat and Peak State filed its Reply on December 8, 2011.

According to the Supreme Court of Virginia, "a trial court's discretion to award costs under Code § 18.2-500, or under the relevant provisions of Code §§ 14.1-177 through 14.1-201 [currently Va. Code § 17.1-600, *et seq.*], is limited to those costs essential for the prosecution of the suit, such as filing fees or charges for services of process." *Advanced Marine Enterprises, Inc. v. PRC, Inc.*, 256 Va. 106, 125-26 (1988). The authority for awarding any costs "is in derogation of the common law, and thus, subject to strict interpretation." *Lansdowne Dev. Co. v. Xerox Realty Corp.*, 257 Va. 392 (1999).

Plaintiffs seek to recover transcript costs totaling $13,599.95. In *Advanced Marine*, the Court held that the trial court abused its discretion by awarding transcript costs, among other expenses. *See* 256 Va. at 126. Even without statutory authority, a prevailing party may recover transcript costs if a provision of the contract permits it. *See Lansdowne*, 257 Va. at 403; *see also Collelo v. Geographic Services, Inc.*, 2012 WL12329 *12-13 (Va. Jan. 13, 2012). In this case, however, the contract upon which Plaintiffs prevailed did not provide for such fees or costs.

With respect to the service of process costs associated with the witness subpoenas for third parties Salina Prasad and Ranjeev Guliani ($920), Plaintiffs withdrew their subpoena for Mr. Guliani and stated they would not call Ms. Prasad as a witness. The Plaintiffs may not recover the mediation costs, because the parties mutually agreed to equally split these

fees. Regarding the witness allowance claim for Derek Bouchard-Hall, the Plaintiffs may not recover a third-party witness's travel costs under *Advanced Marine*.

Accordingly, this Court enters Plaintiffs' Bill of Costs as follows: $234 for the initial filing fee and $180 for the initial service of process fee, together totaling $414.

On December 5, 2011, Diamond filed a motion to keep certain trial exhibits under seal by continuing the Stipulated Protective Order entered by this Court on October 14, 2010, pursuant to Rule 4:1(c). These seven Protected Material exhibits include (1) Diamond's financial statement information and related documents for years 2009 and 2010 and for its HUBZone projects, including Diamond Exh. Nos. 73-76 and 80, and Counterclaim Def. Exh. Nos. 43-44, and (2) Diamond's HUBZone Certification and Tracking System proposal, including Diamond Exh. No. 23. Bhagat and Peak State filed its Response opposing Diamond's motion on December 8, 2011. Diamond's financial statement information exhibits contain what reasonably might be said to be sensitive cost information that competitors could evaluate if made publicly available. The Small Business Administration continues to review Diamond's HUBZone Certification and Tracking System proposal, so that public disclosure of this proposal could also reasonably be said to benefit Diamond's competitors at its expense. For these reasons, this court agrees that the following Protected Material exhibits should continue to be afforded the maximum protection possible against public disclosure: Diamond Exh. Nos. 23, 73-76, and 80 and Counterclaim Def. Exh. Nos. 43-44.

Bhagat and Peak State filed its Memorandum in Support of Motion for Award of Attorneys' Fees on December 13, 2011. Diamond filed its Response on December 29, 2011. Bhagat filed a Reply Memorandum on January 4, 2012. Both parties presented their arguments to this Court on January 6, 2012.

Generally, attorney's fees are not recoverable absent a statutory or contractual liability. *See Hiss v. Friedberg*, 201 Va. 572, 577 (1960). The question presented to this Court is whether Diamond engaged in "bad faith" within the meaning of the Virginia Uniform Trade Secrets Act when it filed its counterclaim against Bhagat. The Act reads:

> If the court determines that (i) a claim of misappropriation is made in bad faith, or (ii) willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party.

Va. Code § 59.1-338.1.

The General Assembly did not define "bad faith" under VUTSA, and no controlling Virginia case directly addresses the appropriate standard. In breach of contract actions generally, however, the Supreme Court

of Virginia holds that the standard of proof for bad faith is clear and convincing evidence, because "bad faith runs counter to the presumption that contracting parties have acted in good faith." *State Farm Mut. Auto. Ins. Co. v. Floyd,* 235 Va. 136, 144 (1998) (internal citations omitted). The Court has "traditionally required that presumption to be overcome by clear and convincing evidence." *Id.*

Bhagat and Peak State urge this Court to adopt the standard of proof for bad faith articulated by the Fourth Circuit in an unpublished opinion, *Trident Perfusion Assoc. v. Lesnoff,* 1997 WL 528321 *3 (4th Cir. Aug. 28, 1997). In *Trident,* the Fourth Circuit affirmed the district court's finding that the claimant's trade secret allegations had "no chance of success under the [Virginia Uniform Trade Secrets Act]." The Fourth Circuit described Virginia law on the "bad faith" standard as "objective reasonableness" where there is "no chance of success under existing law." *Trident,* 1997 WL 528321 at *3 (citing *Tullidge v. Board of Supervisors,* 239 Va. 611, 391 S.E.2d 288, 290 (1990)). Bhagat contends that Diamond's evidence at trial demonstrates that it had no objectively reasonable basis to believe that it could prevail and urges this Court to adopt the "objectively reasonable standard" from *Trident.* Plaintiff concedes there is "little authority" from Virginia courts regarding "bad faith" under VUTSA but cites a number of unpublished California cases supporting its argument.

Diamond responds that the Plaintiffs' request for attorneys' fees cannot succeed when based upon the two statutory claims that withstood the Plaintiffs' motion to strike. Diamond contends that the standard in *Trident* is "no chance of success under the Act" and that its case had a reasonable chance of success because this Court denied Bhagat's motion to strike on two counts. Diamond also argues that that the General Assembly likely intended a heightened standard for instances of "bad faith." Diamond also notes that the Maryland standard under its version of the Uniform Trade Secrets Act is higher than "objective reasonableness." *See Optic Graphics, Inc. v. Agee,* 591 A.2d 578, 587-88 (Md. App. 1991) (holding that "bad faith" exists where there is clear evidence that the case fails to state a colorable claim and the action was pursued "vexatiously, wantonly, or for oppressive reasons").

The facts and procedural history of this case are most similar to that in *Tryco, Inc. v. U.S. Medical Source, L.L.C.,* 80 Va. Cir. 619 (2010). In *Tryco,* Judge Bellows denied the defendant's motion to strike all five counts of the plaintiff's claim. After considering the merits of the action, however, the court found for the defendant on all counts. On the issue of attorney's fees under the VUTSA, the court accepted as true the legal standard for "bad faith" articulated by the Fourth Circuit in *Trident.* The court explained that the defendant would be entitled to recover attorney's fees under this standard "if Tryco had no reasonable basis for believing it could prevail under VUTSA." *Id.* Even under the seemingly lower standard in *Trident,*

however, the court held the plaintiff did not act in bad faith because its claim "survived extensive pretrial motions. . . ." *Id.* The court explained, "[a]lthough plaintiff was unable to sustain its burden of proof, the Court does not find that the plaintiff's claims 'had no chance of success under the Act'." *Id.* (citing *Trident*, 1997 WL 528321 at *3).

In the present case, this Court denied Bhagat and Peak State's motion to strike the misappropriation of trade secrets claim. Assuming, *arguendo*, that this Court adopts the *Trident* test for "bad faith" under VUTSA, it would not alter the fact that Diamond's misappropriation count "survived" the motion to strike. As the circuit court concluded in *Tryco*, claims that survive the motion to strike do not fall within "no chance of success" test articulated by the Fourth Circuit. Therefore, it would be inappropriate to find Diamond engaged in bad faith within the meaning of Va. Code § 59.1-338.1.

Bhagat and Peak State's Motion for Award of Attorneys' Fees also urges this Court to award it attorneys' fees under the conspiracy statute, Va. Code § 18.2-500(B). Plaintiffs argue that Diamond's basis of the conspiracy claim, misappropriation of trade secrets, "was not objectively reasonable . . ." so that "no conspiracy claim could possibly succeed." (Memo. in Support of Mot. to Award Attorneys' Fees at 11.) Bhagat and Peak State reference its first argument contending that Diamond presented no evidence at trial supporting its claim for misappropriation of trade secrets.

In response, Diamond first argues that it is unclear whether Va. Code § 18.2-500(A) permits any fee recovery by a defendant because the statute permits recovery of the costs of the suit "including a reasonable fee to *plaintiff's* counsel" (emphasis added). Second, Diamond argues that a close reading of Va. Code § 18.2-500(B) suggests that recovery by a defendant requires that the parties litigated over an injunctive remedy not damages as did Diamond with Bhagat and Peak State. Third, Diamond argues that its conspiracy claim was well supported and points to evidence supporting its claim.

As previously stated, attorney's fees are generally not recoverable absent a statutory or contractual liability. *See Hiss*, 201 Va. at 577. The issue is whether the conspiracy statute permits the recovery of attorney's fees under the facts presented in this case. Va. Code § 18.2-500 reads:

A. Any person who shall be injured in his reputation, trade, business, or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel, and without limiting the generality of the term, "damages" shall include loss of profits.

B. Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of § 18.2-499 and praying that such party defendant be restrained and enjoined from continuing the acts complained of, such court shall have jurisdiction to hear and determine the issues involved, to issue injunctions pendente lite and permanent injunctions and to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel.

Va. Code § 18.2-500 (emphasis added).

There are no reported decisions awarding a prevailing defendant fees pursuant to Va. Code § 18.2-500. However, the Supreme Court of Virginia has described this statute as follows:

Code § 18.2–499 criminalizes conspiracies to "willfully and maliciously injur[e] another in his reputation, trade, business, or profession by any means whatever." Code § 18.2–500 allows *victims* of such conspiracies to claim treble damages and attorney's fees in a civil action.

*Station #2, L.L.C. v. Lynch*, 280 Va. 166, 173 (2010) (emphasis added).

The Court's description strongly suggests that § 18.2-500 limits the recovery of attorneys' fees to *victims* of conspiracies, that is, to the plaintiff and not to the defendant. A plain reading of the statute also suggests that the court retains jurisdiction only if the plaintiff pursued an equitable remedy. In this case, however, Diamond litigated with the Bhagat and Peak State over monetary damages. For these reasons, Bhagat and Peak State do not qualify for the recovery of attorneys' fees under Va. Code § 18.2-500(B).

Accordingly, the Bill of Costs is entered for $414, the Motion to Keep Certain Exhibits Under Seal is granted for those seven exhibits previously listed, and the Motion to Award Attorney's Fees pursuant to Va. Code §§ 59.1-338.1 and 18.2-500(B) is denied.