COUNTY OF PRINCE WILLIAM, ET AL.

V.

MORTON RAU, ET AL.

Record No. 891116

April 20, 1990

Present: All the Justices

*William H. Hefty* for appellants.
*Franklin B. Reynolds, Jr.* for appellees.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we decide whether sanctions were properly imposed upon a litigant for an alleged violation of the provisions of Code § 8.01-271.1. As pertinent, the section provides:

> The signature of an attorney . . . constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law . . . and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> . . . .
>
> If a pleading, motion, or other paper is signed or made in violation of the rule, the court . . . shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

Seeking to have a rezoning ordinance declared invalid, Morton Rau, Anita Rau, and Reinhold C. Dedi[1] (collectively Rau) filed a petition for a declaratory judgment, attorney's fees, and other relief against the Board of Supervisors of Prince William County (the board) and others.[2] The petition averred that because of procedural irregularities, the board had no jurisdiction to rezone approximately 24 acres near Rau's land in Prince William County and, therefore, that its rezoning ordinance was void. In response, the board's attorney filed pleadings contending that the rezoning action was valid.

On February 7, 1989, after hearing evidence and argument, the trial court ruled orally that the rezoning ordinance was invalid. On June 12, 1989, it imposed sanctions upon the board for a violation of Code § 8.01-271.1, and awarded Rau a judgment against the board for $6,078, based on his attorney's fees incurred in prosecuting the suit. The board appeals only the award of sanctions, which was included in the final order deciding the merits of the case.

First, we review the facts giving rise to the litigation in order to decide the sanctions issue. On September 16, 1987, at a public hearing before the Prince William County Planning Commission (the commission), to which the matter had been referred, a landowner requested that the parcel in question be rezoned. Rau and other nearby property owners spoke in opposition to the proposed rezoning.

After the commission heard arguments by both sides and discussed the matter, Commissioner Hefter moved to continue the public hearing until a fixed date during the following month. The motion was seconded. Prior to a vote on the motion, Commissioner Gray offered a "substitute" motion to recommend denial of the rezoning. Gray's motion was seconded and passed by a four-to-three vote.

No one said that a further vote on the substitute motion was required;[3] therefore, the commission treated its vote on the substi-

---

[1] Leland Rearick and Katherine Rearick, who were also plaintiffs, were later granted a nonsuit.

[2] The defendants were: the County of Prince William, Virginia, the Board of Supervisors of the County of Prince William, and the Planning Commission of the County of Prince William.

[3] Hefter testified that he felt his motion had been defeated and that the motion to recommend denial had been adopted.

tute motion as dispositive, and it went on to other matters. After the meeting, the commission sent an attested copy of its resolution to the board, recommending denial of the rezoning petition. Shortly thereafter, the board published its first notice of a public hearing on the matter, which was scheduled for October 20, 1987.

Later, Guy Anthony Guiffre, a board member, contacted John H. Foote, the County Attorney for Prince William County, for an opinion regarding the validity of the commission's action in light of the provisions of Code § 15.1-493(B). This statute provides that a board of supervisors cannot act upon a rezoning request until after it has received its planning commission's recommendation.[4]

In a memorandum dated October 7, 1987, Foote opined that *Robert's Rules of Order*[5] required a second vote on the substitute motion. He described the deficiency as "a small procedural irregularity [which] might be seized upon to assail the County's ultimate decision. . . ." Foote suggested that the deficiency could be corrected by taking another vote at a scheduled commission meeting later that day. At that meeting, however, only six members were present, and there was a tie vote on the motion. The commission then treated the matter as deferred for further consideration.

Some time before the board's October 20 public meeting, the board's chairman was told of the commission's tie vote. The Director of Planning for Prince William County advised him that the commission had failed to "complete its recommendation while the ninety-day clock was still ticking." Nevertheless, the board's chairman directed that the advertisement for the public hearing continue.

During the board's executive session on the evening prior to its October 20 public hearing, Foote discussed his October 7 memorandum. The board's chairman disagreed with Foote's opinion because he believed that the commission's resolution of September 16 overcame the procedural deficiency. Furthermore, one board member testified that Foote did not advise the board that it had no right to consider and vote upon the rezoning matter. During its October 20 meeting, attended by all board members and held

---

[4] Code § 15.1-493 gives the planning commission a period of 90 days after its first public hearing to make a recommendation to the board. If it makes no recommendation within that period, the rezoning request is deemed approved by the planning commission.

[5] The parties agreed that *Robert's Rules of Order* governed the commission's parliamentary procedures.

without objection as to the manner in which the chairman had scheduled it, the board voted to approve the rezoning application. As a result, this suit followed.

■ We must determine whether the board's defense was unreasonable in light of the alleged irregularities which occurred during the commission's meeting on September 16. To establish a basis for sanctions, the record and existing law must be sufficient to establish that, after reasonable inquiry, the board could not have formed a reasonable belief that its defense was "warranted by existing law."[6]

■ We need not decide whether the board's position was *actually* "warranted by existing law." In assessing conduct which is allegedly in violation of Code § 8.01-271.1, we apply an objective standard of reasonableness. *Tullidge* v. *Board of Supervisors*, 239 Va. 611, 613, 391 S.E.2d 288, 289 (1990) (this day decided). We also resolve any doubts in favor of the board, and eschew the wisdom of hindsight. *Id.* at 613, 391 S.E.2d at 290. Furthermore, as "the issue is one of law, and not fact, we do not accord the trial court's ruling the same weight it would be accorded if reached upon conflicting factual evidence." *Id.* at 614, 391 S.E.2d at 289.

■ We think that the board reasonably could have concluded that the September 16 resolution was a valid recommendation. Ample authority exists for the principle that "[m]ere failure to conform to parliamentary usage will not invalidate [an] action when the requisite number of members have agreed to the particular measure." 4 E. McQuillin, *The Law of Municipal Corporations* § 13.42a (3d ed. 1985 & Supp. 1989); *see also* 1 J. Sutherland, *Statutes and Statutory Construction* § 7.04 (4th ed. 1985 & Supp. 1989). Therefore, at the very least, the board had reasonable cause to believe that the commission could and did waive one of its parliamentary rules, based on the commission's September 16 resolution recommending denial.

■ Furthermore, although Rau argues that the commission's October 7 meeting resulted in "no recommendation," the record does not show that the commission rescinded or modified its September 16 recommendation. We consider the commission's "no recommendation" of October 7 to be in conflict with its previous

---

[6] We are not concerned with the issue of improper motive. On brief, Rau indicates that he does not know why the board decided to do what it did. He cites, and we find, nothing in the record which indicates an improper motive under Code § 8.01-271.1.

recommendation of denial. Opinion 34 of the American Institute of Parliamentarians indicates that "[a]ccording to Robert, a motion is out of order and, if adopted, null and void if it conflicts with a motion previously adopted which has not been rescinded, or rejected after consideration." V. Schlotzhauer, W. Evans, J. Stipp, *Parliamentary Opinions* 16 (1982) (published by the American Institute of Parliamentarians).

In summary, we conclude that the trial court erred in imposing sanctions. Under existing law, it was reasonable for the board to believe that it could treat the commission's September 16 resolution as a valid recommendation under Code § 15.1-493. Because the board reasonably believed that it was authorized to act on the rezoning request, it was justified in filing its defensive pleadings in this suit. Therefore, we will reverse the trial court's judgment insofar as it imposed the sanction of payment of attorney's fees, will order the sanction expunged from the record, and will enter final judgment for the board on that issue.

*Reversed and final judgment.*