## CIRCUIT COURT OF LOUDOUN COUNTY

Parten Paint and Drywall Co., Inc.

v.

Wells/Ashburn Venture et al.

September 16, 1992

Case No. (Chancery) 12987

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Motion to Intervene filed by Lieding & Becker, the Motion to Dismiss filed by Cahaba Residential Contractors, Inc. ("Cahaba"), and the Opposition of Cahaba to the Motion to Intervene. The Court heard oral argument on September 4, 1992.

For the reasons hereinafter set forth, the Motion to Intervene is denied, the Motion to Dismiss is granted, and Cahaba is awarded attorney fees from Lieding & Becker for having to oppose the Motion to Intervene.

The relevant facts are undisputed. On September 28, 1990, Parten Paint & Drywall Company ("Parten"), represented by Lieding & Becker, filed a Bill of Complaint in this Court to (1) enforce a mechanic's lien claimed by Parten as a subcontractor, (2) recover damages from Cahaba, the general contractor, for breach of contract, and (3) recover damages from Cahaba and Wells/Ashburn Venture ("Wells"), the owner of the property, on a quantum meruit theory. The suit arises out of work performed by Parten on an apartment complex in Loudoun County. By Order entered August 6, 1990, the mechanic's lien claimed by Parten had been bonded off upon the petition of Cahaba.

On May 13, 1992, Lieding & Becker filed a motion for leave to withdraw as counsel for Parten citing nonpayment of attorney fees

and failure of Parten to provide requested discovery responses. On May 29, 1992, Cahaba filed a motion to compel Parten to respond to certain discovery previously propounded by Cahaba and to limit the amount which Parten could recover. Both motions came on for hearing on June 5, 1992. The parties resolved the motion to compel. The motion to limit the amount which Parten could recover was granted, and Lieding & Becker was granted leave to withdraw as counsel for Parten.

The Order granting Lieding & Becker leave to withdraw was entered on June 29, 1992. On or about June 26, 1992, Parten and Cahaba settled Parten's claim without the help of counsel. Lieding & Becker learned of the settlement on July 2, 1992, and on July 8, 1992, filed its Motion to Intervene to assert a lien for its unpaid attorney fees pursuant to Virginia Code § 54.1–3932.

I do not need to reach the merits of the claim of Lieding & Becker of the benefit of an attorneys' lien because I am of the opinion that such a claim is not "germane to the subject matter of the suit" under Rule 2:15. Lieding & Becker cannot intervene in this suit to make a claim for attorney fees. The Rule allows a new party in an equity proceeding to file a petition by leave of court in order to assert "any claim or defense germane to the subject matter of the suit." As stated in Lile, Equity Pleading and Practice, 3rd edition 1952, at page 93:

> The petition . . . is a pleading . . . *filed in a pending suit by one not a party to the proceeding, and who desires to become a party, in order to assert some right involved in the suit.* (Emphasis in original.)

This is a mechanic's lien suit wherein Parten, as seems to be the common practice now, has added counts of breach of contract and unjust enrichment. Any attorney's fees that might be owed by Parten to Lieding & Becker or the latter's right to assert an attorney lien have absolutely nothing to do with the subject matter of this suit whether it be the claims involved or the real estate which is the subject of the suit. Lieding & Becker cannot assert a lien for its attorney's fees on the subject real estate, and its fees cannot be paid out of the bond posted pursuant to § 43–71. There is no authority for the former, and the terms of the bond would not permit the latter. This is not a case where the court holds the settlement funds which are the subject of the attorney's lien or a case where the court must approve the settlement. *See, Heinzman v. Fine, Fine, Legum & Fine*, 217 Va. 958 (1977).

The issue of whatever attorney fees are owed to Lieding & Becker by Parten is too attenuated and indirect to the present construction litigation for it to be germane to the subject matter of this suit. *See, Layton v. Seawall Enterprises, Inc.*, 231 Va. 402, 406–407 (1986).

Not only has Cahaba filed a motion to dismiss this case as settled, but also it has opposed the motion of Lieding & Becker to intervene and asked for an award of attorney fees under § 8.01–271.1 against Lieding & Becker for the time spent opposing the motion to intervene. Under § 8.01–271.1, the signature of an attorney on a motion filed constitutes a certificate by him that to the best of his knowledge, information, and belief formed after reasonable inquiry, the motion is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

Cahaba's opposition to the Motion to Intervene is two-fold: first, that it is not permitted under Rule 2:15 because it is not germane to the subject matter of the suit, and second, that there is no basis in law or fact to assert the attorney's lien. As stated above, I did not have to reach the second ground of Cahaba's opposition in order to deny the Motion to Intervene. Accordingly, I will only look to the filing of the Motion to Intervene as the only possible action to violate § 8.01–271.1. The standard to be applied is an objective one. *Prince William County v. Rau*, 239 Va. 616 (1990); *Tullidge v. Board of Supervisors of Augusta County*, 239 Va. 611 (1990). I feel that this is a case of whether or not from an objective standard of reasonableness, the "warranted by existing law portion" of § 8.01–271.1 has been violated. More specifically, could a competent attorney, after reasonable inquiry, have formed a reasonable belief that Lieding & Becker under the facts as alleged would be allowed to intervene in this suit to assert a claim for attorney fees? I am of the opinion that a competent attorney could not have formed such a reasonable belief.

The claim of Lieding & Becker for fees owed to it by Parten has absolutely nothing to do with the subject matter of this suit. The Court is holding no funds on which Lieding & Becker might have an attorney's lien. Under Rule 2:15, a party can avoid payment of the writ tax and clerk's fee by intervening instead of bringing a separate suit. This suit is a combination of a statutory proceeding on the chancery side of the court to enforce a mechanic's lien, a law action for breach of contract, and an equitable proceeding for unjust enrichment. There is no rule for actions at law comparable to Rule 2:15 in

equity proceedings. Further, the Motion to Intervene asks the Court to allow Lieding & Becker to join the lawsuit "as party Plaintiff" to assert a claim that is not a part of any claim under the Bill of Complaint filed herein against the plaintiff, Parten, and one of the defendants, Cahaba, and is not even a proper Motion to Intervene as contemplated by Rule 2:15 because it does not ask for leave to file a petition to assert a claim for attorney fees. Finally, I cannot overlook that Lieding & Becker has been previously granted leave to withdraw as counsel for Parten in this suit. It did not want to continue as counsel for Parten in this suit with the responsibilities and obligations that come from being Parten's counsel of record partly because it had not been paid its fees. Yet now Lieding & Becker want to use this same suit as a vehicle to collect its fees.

When Lieding & Becker filed the Motion to Intervene, it knew that Cahaba's counsel would have to appear and oppose the motion. It could not have reasonably felt that Cahaba would just simply do nothing and let the Court order it to pay all or part of the claimed attorney fees.

If this Motion to Intervene is granted, then a logical extension would be to allow an attorney who did not get paid his fee for representing a party in a lawsuit to intervene in the suit against his own client. Such is simply absurd in my opinion.

It is clear to me that Lieding & Becker had no chance for success in being allowed to intervene in this suit just to collect its attorney's fees. This is the type of conduct that should be punished under § 8.01–271.1

Counsel for Cahaba submitted an affidavit of his time spent in opposing the Motion to Intervene and his hourly rate. I feel that he would have spent only one-half of the time if he had merely opposed the motion on the procedural ground as opposed to both grounds as asserted. I express no opinion on the validity of the claim of Lieding & Becker. Therefore, the Court awards attorney fees in the amount of $412.50 to be paid by Lieding & Becker to Blankinship & Keith on or before October 15, 1992.