## CIRCUIT COURT OF FAIRFAX COUNTY

Arthur R. Friedman
and Bonnie L. Friedman

v.

Fairfax Plaza Office Park
Condominium Association
Board of Directors

October 26, 1992

Case No (Law) 115212

BY JUDGE GERALD BRUCE LEE

This case is before the Court on the Demurrer of the Board of Directors of Fairfax Plaza Office Park Condominium Association ("Fairfax Plaza") to the Motion for Judgment filed by Arthur and Bonnie Friedman ("Friedman"). The issues before the court are (1) whether the Friedmans' claims are barred by the doctrine of *res judicata*; (2) whether defendant's use of the courts to collect condominium fees from the Friedmans in a prior law suit states a claim for abuse of process; and (3) whether sanctions under Virginia Code § 8.01–271.1 should be imposed on Arthur Friedman, Esquire, for bringing this lawsuit. The Court after due consideration of the authorities and arguments of counsel sustains the Demurrer and grants sanctions against Arthur Friedman, Esquire, for the reasons stated below.

A. *Background Facts*

Arthur R. Friedman, an attorney, was co-owner of an office in the Fairfax Plaza Office Condominium Park. Friedman fell behind in payment of his condominium fees and was sued for the arrearage. The Fairfax Circuit Court case was styled *Board of Directors Fairfax Plaza Office Park Condominium Association v. Arthur R. Friedman and Bonnie L. Friedman*, At Law No. 112465 ("prior lawsuit").

Friedman filed responsive pleadings, defended against a Motion for Summary Judgment and filed a Motion for Summary Judgment in this case. On May 19, 1992, Friedman filed a Motion for Judgment against Fairfax Plaza.[1] On May 22, 1992, this Court granted Fairfax Plaza's Motion for Summary Judgment against the Friedmans in the prior lawsuit. Fairfax Plaza filed a Demurrer to Friedman's Motion for Judgment on June 24, 1992.

Fairfax Plaza contends that the demurrer should be granted because "the claims asserted by the Plaintiff in the instant case are nothing more than a recitation of the arguments set forth by these Plaintiffs as their defense in the prior case." (Demurrer at Paragraph 3). Fairfax Plaza further contends that:

> Plaintiff had ample opportunity to raise to the attention of the court in the prior case these matters and, in fact, did so under numerous guises, namely by filing in the prior case a "Motion in Opposition to Plaintiff's Motion for Summary Judgment" and "Defendants' Motion for Summary Judgment."

Finally, Fairfax Plaza claims that Friedman did not file a counterclaim in the prior lawsuit and waited until the time for filing such a claim had passed and filed a new lawsuit involving the same issues.

### B. *The demurrer should be sustained*

A demurrer is a pleading which admits the truth of the facts pleaded. *Flippo v. F & L Land Co.*, 241 Va. 400 (1991). A complaint is sufficient as against a demurrer if the motion for judgment states facts which if proved would establish a cause of action. Va. Code § 8.01–273 (1992). Assuming the truth of Plaintiff's allegations, this Court is of the opinion that Defendant's Demurrer should be granted for the following reasons.

#### 1. *Several claims are barred by the doctrine of res judicata*

*Res judicata* precludes re-litigation of "the same cause of action, or any parts thereof which could have been litigated, between the same parties and their privies." *Bates v. Devers*, 214 Va. 667 (1974).

---

[1] Friedman filed a written opposition in response to Fairfax Plaza's Motion for Summary Judgment and a Motion for Summary Judgment in the prior case. These pleadings incorporated many of the allegations made in Friedman's Motion for Judgment.

"For *res judicata* to apply, four things must occur: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." *Sovran Bank, N.A. v. Jacob*, 15 Va. Cir. 110, 116 (1988), citing *Mowry v. City of Virginia Beach*, 198 Va. 205 (1956).

Friedman asserts in his Motion for Judgment claims of accord and satisfaction, estoppel, intentional infliction of emotional distress and abuse of process. Friedman's claims in this lawsuit correspond to the affirmative defenses pleaded in the prior case between these parties. See *Board of Directors of Fairfax Plaza Office Park Condominium Association v. Arthur R. Friedman and Bonnie L. Friedman*, Fairfax Circuit Court, At Law No. 112465.

Although Friedman's former affirmative defenses are now pleaded as causes of action, for purposes of application of the doctrine of res judicata "a cause of action is broadly characterized as an assertion of particular legal rights which have arisen out of a definable factual transaction." *Id.* at 116. The earlier suit involved the same condominium fees in this lawsuit.[2] Friedman reiterates arguments from the prior lawsuit which were considered, ruled upon and dismissed by this Court. The Court's decision to grant Defendant's Motion for Summary Judgment in the prior lawsuit was a final judgment; therefore, Friedman's claims of accord and satisfaction, estoppel, and intentional infliction of emotional distress are barred by the doctrine of res judicata. These claims will be dismissed with prejudice.

The only novel cause of action presented in Plaintiff's Motion for Judgment is a claim of abuse of process which is also dismissed for the reasons discussed below.

## 2. *The Motion for Judgment fails to state a claim for abuse of process*

Friedman alleges abuse of process in his Motion for Judgment and in his Brief in Opposition to Defendant's Demurrer and Motion to Amend Brief in Opposition to Defendant's Demurrer. To sustain a cause of action for abuse of process a party must plead and prove (1) the existence of an ulterior purpose; and (2) an act in the use of the

---

[2] In addition, plaintiffs were aware of their legal rights in the prior lawsuit and contemplated filing a counterclaim as evidenced by the correspondence entitled "Counterclaim" which Plaintiff telefaxed to Defendants on January 30, 1992. (Defendant's Demurrer, Exhibit 3.)

process not proper in the regular prosecution of the proceedings. *Donohoe Constr. Co. v. Mount. Vernon Assocs.*, 235 Va. 531, 369 S.E.2d 857 (1988).

Friedman alleges in his Motion for Judgment that defendant (1) argued in its Demurrer motion the merits of a prior action instituted by defendant; (2) refused settlement attempts by plaintiff, and (3) was motivated to bring the lawsuit to collect condominium fees in arrears for reasons other than to collect the debt (the so-called other reasons are not stated in the motion for judgment). The allegations in the Motion for Judgment fail to state a cause of action for abuse of process. Fairfax Plaza's actions in the prior case were solely for the purpose of collecting unpaid condominium fees. The Friedmans admitted in the prior lawsuit that they were in arrears in the payment of their condominium assessments. Fairfax Plaza's filing of a lawsuit to collect unpaid condominium fees from delinquent owners was a proper exercise of its rights and obligations. Therefore, plaintiff fails to allege a cause of action for abuse of process against Fairfax Plaza and the Demurrer is sustained. The claim of abuse of process will be dismissed with prejudice.

## C. *Sanctions*

Virginia Code § 8.01–271.1 (1992) authorizes the Court to impose sanctions for pleadings interposed for improper purposes such as unnecessary delay and needlessly increasing the cost of litigation. Friedman asserted, in this lawsuit, theories of recovery advanced and rejected in the prior lawsuit between these parties. Friedman's attempt to disguise former defenses as affirmative causes of action against Fairfax Plaza is unwarranted by existing law. Friedman could have appealed the court's ruling on summary judgment in the prior case. It was pointless to conduct two lawsuits over essentially the same claims (as stated above the second set of claims must be dismissed). "In assessing conduct which is allegedly in violation of Code Section 8.01–271.1, [the Court] applies an objective standard of reasonableness." *County of Prince William v. Rau*, 239 Va. 616, 620; 391 S.E.2d 290, 292 (1990). Plaintiff's required the defendants to defend against a litigated claim. The Plaintiff's actions were unwarranted under existing law and required the defendants to incur attorneys fees, therefore Defendant's request for sanctions is granted.

The Court directs the defendants' counsel to submit an affidavit and statement of attorneys fees in connection with the Demurrer and grounds of defense to the Court.