## CIRCUIT COURT OF FAUQUIER COUNTY

Allen Real Estate Co., Ltd.

v.

Steven Long et al.

December 15, 2000

Case No. (Chancery) 0000242

BY JUDGE THOMAS D. HORNE

Allen Real Estate Company, Ltd., a licensed Virginia real estate broker, holds a portion of a deposit resulting from a real estate sales contract. It has filed the instant interpleader action in order that the Court may determine the rights of the parties in connection with competing claims to the fund. Va. Code Ann. § 8.01-364. The parties to the contract have settled the issue with respect to their interests in the deposit. Accordingly, the sellers, Richard W. and Edna M. O'Donnell Family Trust of 1991, have received 60% of the deposit, with interest, by prior decree of this Court and have no further interest in the funds remaining in the hands of the real estate agent.

Steven and Katherine Long contracted with the O'Donnell Family Trust to acquire a home in Warrenton, Virginia. They subsequently retained the services of the law firm of Roberts, Abokhair & Mardula, L.L.C., to represent them in connection with the contract. This representation included the participation of the firm in litigation arising out of the contract, including a claim for a return of the deposit. After suit had been filed, the firm withdrew from representation of the Longs. Subsequently the case was settled.

The single issue to be decided in this case is the amount, if any, to which the firm of Roberts, Abokhair & Mardula is entitled to recover out of the balance of the funds held by the real estate agent. That is, may the law firm assert a lien against the balance of the funds remaining in the control of the Allen Real Estate Company, Ltd., and, if so, in what amount?

It is asserted by the Longs in their demurrer and motion to dismiss that the law firm cannot assert a lien against what remains of the deposit in the hands of the agent. Accordingly, as a matter of law, Roberts, Abokhair & Mardula should be left to pursuing their fees in a separate action at law.

Pursuant to Va. Code Ann. § 54.1-3932:

> any person having or claiming a right of action sounding in tort, or for liquidated or unliquidated damages in contract, may contract with any attorney to prosecute the same, and the attorney shall have a lien upon the cause of action as security for his fees for any services rendered in relation to the cause of action or claim. When any such contract is made, and written notice of the claim of such lien is given to the opposite party, his attorney or agent, any settlement or adjustment of the cause of action shall be void against the lien so created, except as proof of liability on such cause of action. Nothing in this section shall affect the existing law in respect to champertous contracts.

In its answer and cross-bill against their former clients, Roberts, Abokhair & Mardula, L.L.C., contends it is entitled to fees for professional services rendered to the Longs prior to its withdrawal as counsel of record. As previously noted, the Longs settled their claims against the Trust by agreeing to a percentage distribution of the deposit. Settlement occurred after Roberts, Abokhair and Mardula had withdrawn from their representation of the Longs for non-payment of fees.

This matter is before the Court on the purchasers' demurrer and motion to dismiss the agent's interpleader and the defendant law firm's cross-bill. In support of their demurrer, the purchasers principally rely on the holding in *Parten Paint and Drywall Co. v. Wells/Ashburn Venture*, 29 Va. Cir. 117 (1992). *Parten Paint* is clearly distinguishable from the instant case.

In *Parten Paint*, the Court rejected an attempt by the law firm of Lieding and Becker to intervene in a mechanic's lien case. The law firm of Lieding and Becker had represented a subcontractor who had initiated the action. Later, the general contractor bonded off the lien. Lieding and Becker withdrew from their representation of the subcontractor while the case was still pending. Prior to the law firm's withdrawing from the case, the subcontractor and contractor reached a settlement. Only after the law firm had requested and been granted leave to withdraw from the case, did it learn of the settlement. Upon learning of the settlement, Lieding and Becker sought leave of court to intervene in the proceedings and assert its lien for unpaid attorney's fees pursuant to Va. Code Ann § 54.1-3932.

Central to a determination of the petition of Lieding and Becker was whether the lien claim was germane to the underlying mechanic's lien claim. If not, then the petition must fail and the petitioner be required to file a separate suit for collection. Rule 2:15, Rules of the Supreme Court of Virginia. Rule 2:15 provides, in pertinent part, that, "[a] new party may by petition filed by leave of court assert any claim or defense germane to the subject matter of the suit." Finding that the lien claim was not germane to the mechanic's lien claim, the Court denied Lieding & Becker requested relief and sanctioned it for its having filed the petition. The Court noted that "if this Motion to Intervene is granted, then a logical extension would be to allow an attorney who did not get paid his fee for representing a party to a lawsuit to intervene in the suit against his own client. Such is simply absurd in my opinion."

This case does not require such a "logical extension" of the rules of intervention. Indeed, the very issue before the Court is who is entitled to recover the balance of the deposit in the hands of the agent. Among those claiming an interest in those funds is the law firm. It has given the proper notice to the agent holding the deposit. Among the claims asserted in the underlying litigation initiated on behalf of the Longs by the firm was for a return of the deposit. The return of the deposit was dependent upon the interpretation and enforcement of the terms of a contract.

The deposit, although retained by the agent, is the subject of the instant action. Although, the firm was granted leave to withdraw, it allegedly performed services in connection with the recovery of the deposit. This included the commencement of an action at law against the sellers for the return of the deposit. Such an action is a claim for damages on a contract within the contemplation of Va. Code Ann. § 54.1-3932.

Statutorily required notice was given to the agent by the law firm. In response, this interpleader action followed. A claim for fees based upon a contract or quantum meruit is germane to this interpleader action. Rule 2:14, Rules of the Supreme Court of Virginia. A determination of the nature and extent of the lien claim was one of the reasons the action was initiated. The fact that counsel may have withdrawn is not a bar to an action to enforce the lien against the deposit, even though the firm's entitlement to recovery may be limited to the reasonable value of the services rendered. *Heinzman v. Fine, Fine, Legum & Fine*, 217 Va. 958, 234 S.E.2d 282 (1977).

A statutory lien for attorneys' fees came into being on the making of the contract of employment between the Longs and the firm of Roberts, Abokhair & Mardula. The firm's claim for fees in connection with the litigation involving the real estate contract became the object of recovery upon

settlement of the cause and the entitlement of the Longs to recovery. *Montavon v. United States*, 864 F. Supp. 519 (E.D. Va. 1994).

Accordingly, the demurrer will be overruled and the motion to dismiss denied. Steven and Katherine Long will be granted twenty-one days from the date of the order incorporating the decree within which to file any additional responsive pleadings to the Interpleader and Cross-Bill, as they may be advised.