# CIRCUIT COURT OF SHENANDOAH COUNTY

Betty Jo Lloyd

    v.

Thomas M. Lloyd

                Case No. (Chan.) 00-160

Lonnie Luther Lloyd

    v.

David Hovatter,
Maycel Hovatter,
and William H. Logan, Jr.

                Case No. (Law) 00-12

Lonnie Luther Lloyd

    v.

William H. Logan, Jr.

                Case No. (Law) 00-13

Lonnie Luther Lloyd

    v.

David Hovatter
and Maycel Hovatter

                Case No. (Chan.) 00-31

                December 17, 2001

BY JUDGE JAMES W. HALEY, JR.

This issue here for determination is the appropriateness of imposing sanctions upon an attorney pursuant to Code § 8.01-271.1.

Va. Code § 8.01-271.1 states in part that:

The signature of an attorney ... constitutes a certificate by him that ... the pleading ... (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry ... is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) ... is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. ...

If a pleading ... is signed or made in violation of this rule, the court, upon motion or its own initiative, shall impose ... an appropriate sanction, which may include an order to pay to the other party ... the amount of reasonable expenses incurred ... including a reasonable attorney's fee.

In *Nedrich v. Jones*, 245 Va. 465, 470-71, 429 S.E.2d 201, 204 (1993), the Supreme Court stated that:

In considering whether ... conduct violates Code § 8.01-271.1, we apply an objective standard of reasonableness. *County of Prince William v. Rau*, 239 Va. 616, 620, 391 S.E.2d 290, 292 (1990). Therefore, we need not decide whether the motion for judgment actually was warranted by existing law. See *id*. Rather, we must determine whether, after reasonable inquiry, [the litigant] could have formed a reasonable belief that the motion for judgment was warranted by existing law.

See also, *Flora v. Shulmister*, 262 Va. 215, 222-23, 546 S.E.2d 427, 433 (2001); *Gilmore v. Finn*, 259 Va. 448, 527 S.E.2d 426 (2000).

"The duty of 'reasonable inquiry' arises each time a lawyer files a 'pleading, motion, or other paper' or makes 'an oral motion'." *Oxenham v. Johnson*, 241 Va. 281, 288, 402 S.E.2d 1, 6 (1991) (emphasis in original). Sanctions are not appropriate where the issue is of "legitimate debate," *Ward*

*v. NationsBank,* 256 Va. 427, 442, 507 S.E.2d 616, 627 (1998), or where an issue is "of first impression in Virginia" and admits "a facially reasonable argument." *Bandas v. Bandas,* 16 Va. App. 427, 438, 430 S.E.2d 706, 715 (1993). And "the wisdom of hindsight should be avoided" in applying the objectively reasonable standard in evaluating a motion for sanctions. *Tullidge v. Board of Supervisors,* 239 Va. 611, 614, 391 S.E.2d 288, 290 (1990).

Recently, in *Flippo v. CSC Associates,* 262 Va. 48, 66, 547 S.E.2d 216, 229 (2001), the Supreme Court held that sanctions were awardable when the court concluded that the contents of a single letter "could not support a reasonable belief that a pleading alleging fraud was well grounded in fact and law. ..."

In *Cardinal Holding Co. v. Deal,* 258 Va. 623, 632, 522 S.E.2d 614, 623 (1999), the Supreme Court approved sanctions imposed against one who filed a pleading as the assignee of a legal malpractice claim, because reasonable inquiry would have discovered that the court had 58 days prior to the filing of the pleading ruled such claims not assignable. The court further stated:

> In empowering a court to award an "appropriate sanction," Code § 8.01-271.1 also authorizes an award of reasonable attorney's fees and reasonable expenses "incurred because of the filing of the pleading." We read the quoted language as permitting not only a recovery of those fees and expenses incurred in defending against an unwarranted claim, but also a recovery of those fees and expenses incurred in pursuing a sanctions award arising out of such a claim.

On January 18, 2000, Bradley G. Pollack, a member of the Virginia Bar, filed three actions in the Circuit Court of Shenandoah County. These actions may be summarized as follows:

1. Lonnie Lloyd v. David Hovatter, Maycel Hovatter, and William H. Logan, Jr., Law No. 00-12. The motion for judgment alleges that Lonnie Lloyd and his brother Thomas Lloyd, had "diminished mental capacity ..." (para. 19) and that the brothers "are both of such diminished mental capacity that they can be easily influenced and were incapable of exercising reasonable judgment with regard to value" (para. 32).

The pleading claims that the Lloyds were defrauded by the Hovatters and Logan, the latter an attorney, in a 1993 real estate transaction by which property was sold to the Hovatters. The prayer seeks $1 million in compensatory and $350,000 in punitive damages.

2. Lonnie Lloyd v. Logan, Law No. 00-13. This suit contains the same allegations quoted above as to the capacity of the plaintiff and his brother, Thomas Lloyd. (Para. 18, 31.) Here, there is a claim of breach of an alleged

attorney/client relationship between the Lloyds and Logan with respect to the 1993 real estate transaction. The same damages are sought.

3. Lonnie Lloyd v. Hovatter and Hovatter, Chan. No. 00-31. The pleadings again (para. 30) allege the incapacity of both brothers, as above, seek the 1993 conveyance be set aside, and an award of $350,000 punitive damages.

Mr. Pollack had twice earlier filed essentially the same actions against the same defendants. The first actions filed in June 1996 were nonsuited in 1998. The second were filed in 1999 and dismissed for multifariousness. In the second suits, notably, defendants demurred, *inter alia*, on the ground the plaintiff, Lonnie Lloyd, as in the instant proceedings, was alleging his incompetence and suing in his own name.

This court heard various dispositive pleas and motions and dismissed Law No. 00-12, Law No. 00-13, and Chan. No. 00-31 with prejudice. One of those dispositive pleas sustained a plea of the Statute of Limitations as to both law actions. Counsel for all Respondents have moved for sanctions against Plaintiffs' counsel. Mr. Pollack's motions for sanctions against Respondents are without merit and are denied.

Central to the issue of sanctions is another action filed by Mr. Pollack.

In Chan. No. 00-160, Petitioner Betty Jo Lloyd, represented by Mr. Pollack, alleged she was Respondent Thomas Lloyd's wife, that Respondent Thomas Lloyd had "an incapacity to manage money," that Respondent's financial resources included "a claim to approximately $1 million in real property,"[1] and sought the appointment of a conservator. Mr. Pollack also prepared and presented to the court an affidavit of indigence executed by Betty Jo Lloyd which permitted her to proceed in *forma pauperis*.[2]

Thomas M. Lloyd, Jr., represented by James W. Fletcher, III, filed an answer denying any need for a conservator. This court appointed Kevin C.

---

[1]  This, of course, refers to the 1993 transaction which forms the basis of Law No. 00-12, Law No. 00-13, and Chancery No. 00-31.

[2]  It should be noted that in Law No. 00-12 (paragraphs 19, 37), Mr. Pollack alleges that Betty Jo Lloyd "had diminished mental capacity" and "was receiving mental health disability and had previously been committed to Western State Mental Hospital …" and recites the same quoted language in Law No. 00-13 (paragraphs 18, 3) regarding Betty Jo Lloyd. It was Mr. Pollack who chose Betty Jo Lloyd as the petitioner in the conservatorship proceeding. Mr. Pollack thereafter wrote the court on February 27, 2001, that "my client, Betty Jo Lloyd no longer wants to be involved in the conservator petition against her husband. Accordingly, a motion to substitute Lonnie Luther Lloyd for Betty Jo Lloyd in Chancery No. 00-160 is enclosed." The court declined to enter the motion to substitute.

Black as *guardian ad litem* for Thomas M. Lloyd, Jr., and Thomas M. Cardwell, M.D., as an evaluator. As the evaluator reported, Thomas M. Lloyd, Jr., advised him he declined to attend an appointment because "he had been through all that before."

The *guardian ad litem* met with Thomas M. Lloyd, Jr., and advised the court by letter dated February 26, 2001, that "He appears to me to be oriented as to time, place, and the nature and extent of his property and business" and "For the reasons stated above, I am unsure whether a conservator is needed but based upon my interview with Mr. Lloyd, find no obvious need for such an appointment." The *guardian ad litem* noted, properly, that he could not fully report in the absence of a medical evaluation.

In response to an inquiry by the court, Mr. Pollack by letter dated February 27, 2001, stated that: "The purpose of [Chancery No. 00-160] is indeed to have a conservator appointed to decide whether Thomas M. Lloyd should join the three other actions as party plaintiff with his brother Lonnie Luther Lloyd." This court dismissed Chancery No. 00-160 for reasons set forth below.

Chancery No. 00-160 is not the first petition filed by Mr. Pollack seeking a conservator for Thomas M. Lloyd, Jr. In Chan. No. 98-197, Mr. Pollack, then representing one Mae Ella Westerholtz as petitioner, also sought a conservator for Thomas M. Lloyd, Jr. That proceeding ended on July 29, 1999, after the appointment of a *guardian ad litem* and a full medical and mental examination by an evaluator, with an order requested and endorsed by Mr. Pollack dismissing that petition. That order contained the following language:

> all parties herein now agreeing that this matter should be dismissed as it appears that Thomas M. Lloyd, Jr., *has been* and is still able to handle his person, his estate, his financial affairs, and all assets under his control without the need of outside assistance. ...

(Emphasis supplied.)

When Mr. Pollack filed Chancery No. 00-160, the conservatorship proceeding (the purpose of which Mr. Pollack stated, as noted above, was to include Thomas Lloyd in the other proceedings), Mr. Pollack had to know that the issue of Thomas Lloyd's mental capacity in 1993, when the land transaction occurred, had already been resolved by the earlier proceeding

which ended by the order of July 29, 1999, quoted from above.[3] Thus, the pleadings in Chancery No. 00-160 were filed "for [an] improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Code § 8.01-271.1.

And in addition, also as a result of the July 29, 1999, order, Mr. Pollack had to know that his allegations as to the mental incapacity of Thomas M. Lloyd, Jr., in 1993 contained in Law No. 00-12, Law No. 00-13, and Chancery No. 00-31 were simply false, and false as a matter of law. Those pleadings were not "well grounded in fact." Code § 8.01-271.1.

It is this court's view that Mr. Pollack's actions in filing Chancery No. 00-160 constitute a blatant violation of the strictures of Code § 8.01-271.1 and that, accordingly, sanctions are appropriate and mandatory.

James W. Fletcher, III, represented Thomas Lloyd in Chancery No. 00-160 and has filed an itemized statement of services rendered in that cause that documents a total of 31 hours and 15 minutes at an hourly rate of $150.00, for a total of $4,678.50. This court finds the time recorded and the hourly rate both reasonable and Mr. Pollack is sanctioned in the sum of $4,678.50. This sum is to be paid to Mr. Fletcher who shall reimburse Thomas Lloyd *pro tanto* for any sums the latter has already paid to Mr. Fletcher for the representation. This sum shall be paid by Mr. Pollack within 30 days of entry of the final order in this proceeding.

Kevin C. Black served as *guardian ad litem* for Thomas Lloyd in Chancery No. 00-160 and has filed a statement setting forth 6 hours and 45 minutes in so doing at an hourly rate of $125.00, for a total of $1,012.50. This court finds the time spent and the hourly rate reasonable, and Mr. Pollack is sanctioned in the amount of $1,012.50. This sum is to be paid to Mr. Black within 30 days of the entry of a final order in this proceeding.

In *Cooke v. Cooke*, 23 Va. App. 60, 474 S.E.2d 159 (1996), the Court of Appeals stated:

> "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The "key to a proper award of counsel fees" is "reasonableness under all of the circumstances." *McGinnis v. McGinnis*, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). To promote this determination, "evidence in the record [must] explain or

---

[3]  This was the proceeding to which Thomas Lloyd referred when he advised he had "been through all that before."

justify the amount of the award." *Westbrook v. Westbrook,* 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988). "Where the trial judge finds that a fee award is justified, evidence of time expended is a proper basis upon which to fix an award."

*Id.*

As noted above, counsel for Respondents, William H. Logan, Jr., and for David Hovatter and Maycel Hovatter have also moved for sanctions against Mr. Pollack. The basis of all of the motions may be succinctly stated. A plaintiff may not allege his own incompetence and sue in his individual name, and a belief that a plaintiff may do so is not, in the language of Code § 8.01-271.1, "after reasonable inquiry ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

With respect to a reasonable inquiry, counsel for Respondents point out that this is the third set of essentially identical actions brought by Mr. Pollack against their clients and that the propriety of a plaintiff alleging his own incompetence and suing in his own name was specifically raised by demurrer in the second series of actions. Thus, they argue, Mr. Pollack was put on notice as to this issue, was accordingly required to make a reasonable inquiry on this point of law, and that any such reasonable inquiry necessarily would lead one to conclude that a plaintiff cannot allege his own incompetence and sue in his individual name.

In response, Mr. Pollack points out that Lonnie Luther Lloyd has never been adjudicated incompetent. During the second series of actions filed by Mr. Pollack, he represented during a telephonic hearing on August 30, 1999, before the Honorable Bernard F. Jennings that: "I am not alleging that he [Lonnie Luther Lloyd] is necessarily incompetent ... but somewhat mentally incapacitated. ..." (Transcript, pp. 9-10.) In Mr. Pollack's motion for sanctions in Law No. 00-13 (paragraph 4) he writes: "Defendant and his counsel have long known that *undersigned counsel reasonably believes that his client can adequately act in his own interest* insofar as his attempts, with assistance of counsel, to hold defendant liable. ..." (emphasis supplied).

Though stated in various ways, the descriptions of Lonnie Luther Lloyd in Law No. 00-12, Law No. 00-13, and Chancery No. 00-31 can all be reasonably subsumed in the phrase "diminished mental capacity." There are no allegations of "incompetence."

Mr. Pollack also relies in his response on *Payne v. Simmons,* 232 Va. 379, 350 S.E.2d 637 (1986). There, Rupert C. Payne, *in propria persona,* alleged in a bill of complaint for rescission of a real estate transaction that he, the complainant, was "an individual of subnormal intelligence." In its

opinion, the Supreme Court referred to such an individual as one of "diminished mental capacity." 232 Va. at 387, 350 S.E.2d at 641. In *Henderson v. Henderson*, 255 Va. 122, 127, 495 S.E.2d 496, 500 (1998), the Supreme Court described *Payne* as a case recognizing "the remedy of rescission" for individuals suffering diminished mental capacity. ..."[4]

After a review of *Payne v. Simmons, supra*, and the pleadings in Law No. 00-12, Law No. 00-13, and Chancery No. 00-31, this court cannot conclude that an individual, not incompetent but of diminished mental capacity, cannot institute a cause of action *in propria persona*, and that counsel after reasonable inquiry necessarily had to determine that such a cause of action was not "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Code § 8.01-271.1. With that finding, the motions for sanctions filed against Mr. Pollack by counsel for Logan and the Hovatters are denied.

---

[4] Neither a statute of limitations nor a plea of laches, as were asserted in the instant cases, was raised in *Payne*.