COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges AtLee and Bernhard


LONNIE MCCLANAHAN, ET AL.

                                         MEMORANDUM OPINION[*]

v.      Record No. 1646-24-3                              PER CURIAM
                                                 JUNE 24, 2025

KATHY L. VANHOOZIER KELLY


FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Jack S. Hurley, Jr., Judge

(Rachel L. Yates; Roger W. Mullins; Law Office of Rachel Yates,
PLLC; Roger W. Mullins, PLLC, on briefs), for appellant.

(Michael A. Thomas; Gillespie, Hart, Pyott, Thomas & Hunter, P.C.,
on brief), for appellee.


Lonnie and Judy McClanahan ("McClanahans") sought a declaratory judgment on

whether their neighbor, Kathy Vanhoozier Kelly ("Kelly"), had a deeded right to take water from

their spring. The circuit court determined that Kelly had no such right and awarded the

declaratory judgment. The circuit court also sanctioned Kelly in the amount of $1,525,[1] finding

that a reasonable investigation would have revealed that any reservation of rights for Kelly's

property *did not* include water from the spring. Finding no error, this Court affirms the circuit

court's judgment.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The final order incorrectly stated $1,025, due to a scrivener's error, but the circuit court corrected the amount to $1,525.

[2] After examining the briefs and record in this case, the Court holds unanimously that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1 403(ii)(b); Rule 5A:27(b).

BACKGROUND[3]

The McClanahans sought a declaratory judgment that Kelly lacked any right to take water from the spring on the McClanahans' property in Goose Creek Estates subdivision. The McClanahans argued that nothing in the deed to their property ("McClanahan deed"), the deed to the Kelly's property ("Kelly deed"), or a deeded reservation for Goose Creek Estates conveyed any right to Kelly for spring water.[4] Kelly's deed, for property in a different subdivision—J.D. Peery subdivision—referenced: (a) water rights granted from the developer, J.D. Peery, to owners in the J.D. Peery subdivision; and (b) a well agreement for lot owners in the J.D. Peery subdivision.

In her answer and counterclaim, Kelly asserted that her deed and a reservation in the title history of the McClanahans' deed granted her a right to spring water, and she had a prescriptive right to tap into the spring water pipeline.[5] Challenging the first argument, the McClanahans filed a motion craving oyer of the deed underpinning Kelly's claimed right. In response, Kelly filed several deeds in her chain of title, including one reflecting that J.D. Peery was once the owner of the land containing the spring. But Kelly produced no deed demonstrating Kelly's right to spring water.

In a memorandum of water rights, the McClanahans sought confirmation that J.D. Peery only granted owners in the J.D. Peery subdivision water rights to tap into a different pipeline in the J.D. Peery Subdivision—not the pipeline for the spring. In response, without identifying the

---

[3] On appeal, "we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Brandau v. Brandau*, 52 Va. App. 632, 635 (2008) (quoting *Smith v. Smith*, 43 Va. App. 279, 282 (2004)).

[4] Deed Book 448, Page 342; Deed Book 295, Page 495; and Deed Book 218, Page 209.

[5] The McClanahans moved to bifurcate the declaratory judgment from the counterclaim. The record contains no transcript or order ruling on the motion.

specific grant, Kelly argued that there was sufficient evidence in the land records to show that the spring serviced Kelly's property. Kelly did not, however, explain how the right to tap onto a pipeline built by J.D. Peery for owners in the J.D. Peery subdivision could qualify as a grant for Kelly to tap into a different pipeline for the spring in the Goose Creek Estates subdivision.

The McClanahans moved for sanctions under Code § 8.01-271.1(D) for Kelly's repeated assertions of a right to take water from the spring without any valid deeded right. The McClanahans contended that Kelly unduly prolonged litigation by continuing to assert spring-water rights without any deeded right. They argued that Kelly's arguments relating to a claim of right violated Rule 1:4(d) and Code § 8.01-271.1(B)(ii).

After a hearing, the circuit court found that Kelly's counsel "had a good faith argument that the water right existed based on the usage of the pipeline in place, and the existence of a common grantor in the VERY distant past chains of title." But after reviewing the plats and deeds, the circuit court found that at a certain point in the litigation, Kelly should have recognized that any reservation of water rights for the Kelly property *did not* include any right to spring water.

The circuit court awarded the declaratory judgment to the McClanahans. It also determined that Kelly had not produced a deed granting her the right to take spring water or tap into the pipeline on the McClanahans' property. The circuit court rejected as "incorrect" Kelly's argument that the reservation in the McClanahans' deed granted a water right to Kelly. The circuit court admonished Kelly's counsel because the error should have become evident. And it ordered Kelly to pay part of the McClanahans' attorney fees, in the amount of $1,525.[6]

---

[6] The McClanahans' total attorney fees at the time of the sanctions hearing was $6,973.30.

On appeal, the McClanahans argue: (a) the circuit court should have sanctioned defense counsel, rather than Kelly; and (b) the awarded sanctions were insufficient to cover the cost of the unnecessary dispute.

ANALYSIS

The circuit court's decision to impose sanctions is reviewed for an abuse of discretion. *Nestler v. Scarabelli*, 77 Va. App. 440, 452 (2023). A court abuses its discretion if it (1) makes a legal error, (2) ignores a relevant factor, (3) gives weight to an irrelevant or improper factor, or (4) commits a clear error in judgment. *Id.* "An abuse of discretion occurs 'only "when reasonable jurists could not differ"' as to the proper decision." *Carrithers v. Harrah*, 63 Va. App. 641, 653 (2014) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). "This highly deferential standard of review, of course, does not 'simply mean that a circuit court may do whatever pleases it.'" *Id.* (quoting *Shebelskie v. Brown*, 287 Va. 18, 26 (2014)). "It does mean that, for some decisions, 'conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable.'" *Id.* (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)).

Code § 8.01-271.1(B) states:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Code § 8.01-271.1 further provides that "[i]f a pleading, motion, or other paper is signed or made in violation of this section, the court . . . shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction." Code § 8.01-271.1(D).

- 4 -

This Court uses "an objective standard of reasonableness in determining whether a litigant and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *AV Auto., LLC v. Gebreyessus*, 301 Va. 321, 330 (2022) (quoting *Flippo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 65-66 (2001)). It further resolves any doubts "in favor of the counsel and party filing the pleading." *Id.*

Here, at the outset of the litigation, counsel could have formed a reasonable belief that Kelly possessed a right to spring water based on past continued usage of the pipeline and the existence of a common grantor in the *very distant* past chains of title. *See Hite v. Luray*, 175 Va. 218 (1940) (municipal corporations' entitlement to water in a spring was subject only to certain rights to withdraw water from the spring that prior owners retained); *Fones v. Fagan*, 214 Va. 87, 90-91 (1973) (holding that to establish an easement by implication from preexisting use, the use must have been continuous, apparent, reasonably necessary, and in existence at the time of the conveyance); *Vance v. Davis*, 195 Va. 730, 737 (1954) (alteration in dominant estate did not extinguish easement for use of spring water).

The Supreme Court of Virginia has explained that when a party's assertions have the "possibility" of being adopted by a trial court, sanctions are not appropriate. *See Gilmore v. Finn*, 259 Va. 448, 468 (2000) (sanctions were not appropriate where assertions had possibility of success). Courts do not look to whether a motion "actually was warranted" by existing law; the inquiry is whether the party could have formed a reasonable belief that it was warranted. *Nedrich v. Jones*, 245 Va. 465, 472 (1993); *see also County of Prince William v. Rau*, 239 Va. 616, 621 (1990) (reversing sanctions where board reasonably believed it was authorized to act on the rezoning request). Thus, sanctions are not warranted for the period in the litigation when Kelly's counsel could have reasonably believed in the possibility of success.

But at some point in the litigation, careful evaluation of the land records should have revealed that none of the deeds granted Kelly a right to spring water. At that point, any further argument claiming an entitlement to a deeded right to spring water was baseless, and sanctions were appropriate under Code § 8.01-271.1(D). *See Oxenham v. Johnson*, 241 Va. 281, 288 (1991) (finding sanctions justifiable if a party "filed any paper or made any motion in the case *after* he knew, or reasonably should have known, that he could not" make such argument). The circuit court, therefore, did not abuse its discretion in awarding the McClanahans part of their attorney fees.

As to the amount of the sanctions, the circuit court factored in its finding that Kelly's counsel "had a good faith argument" that the water right existed based on past usage of the pipeline and a common grantor in the *very* distant chain of title. Considering this mitigating factor, we cannot say that the circuit court abused its discretion in awarding only part of the McClanahans' attorney fees in responding to Kelly's arguments. *See EE Mart F.C., LLC v. Delvon*, 289 Va. 282, 286 (2015) (noting that a court cannot award sanctions for actions that occurred "prior to the sanctionable act").

Nor did the circuit court abuse its discretion in awarding the sanctions against Kelly, rather than her attorney. Code § 8.01-271.1(D) authorizes sanctions "upon the person who signed the paper or made the motion, a represented party, or both." The statute "does not require a court to allocate fault or apportion sanctions between a represented party and the party's attorney when the statute has been violated." *N. Va. Real Estate, Inc. v. Martins*, 283 Va. 86, 114 (2012). And in any case, the record is devoid of sufficient information for the circuit court to apportion sanctions. *Cf. AV Auto.*, 301 Va. at 331 (finding that sanctioned party failed to meet its burden of providing the circuit court with evidence supporting apportionment of sanctions). Thus, the circuit court did not abuse its discretion to award sanctions only on Kelly. *See id.*

(circuit court did not abuse its discretion in awarding sanctions against only appellants, but not their counsel); *see also N. Va. Real Estate*, 283 Va. at 118 (circuit could did not abuse its discretion when it imposed sanctions on both clients and their attorneys).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*